1   J. Andrew Coombs (SBN 123881)
    andy@coombspc.com
2   Nicole Drey (SBN 250235)
    nicole@coombspc.com
3   J. Andrew Coombs, A Prof. Corp.
    517 East Wilson Ave., Suite 202
4   Glendale, California 91206
    Telephone: (818) 500-3200
5   Facsimile: (818) 500-3201

6   Attorneys for Plaintiff DC Comics

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10
    DC Comics,                          )   Case No. CV11-03934 RSWL (OPx)
11                                       )
                      Plaintiff,         )   FIRST AMENDED COMPLAINT
12                                       )   FOR COPYRIGHT
          v.                             )   INFRINGEMENT; TRADEMARK
13                                       )   INFRINGEMENT; UNFAIR
                                         )   COMPETITION; TRADEMARK
14  Mark Towle, an individual and doing  )   DILUTION; DECLARATORY
    business as Gotham Garage, and Does 1 – )   RELIEF
15  10, inclusive,                       )
                                         )   DEMAND FOR A JURY TRIAL
16                    Defendants.        )
                                         )
17  _____

18        Plaintiff DC Comics for its Complaint alleges as follows:

    **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**
19
    A.    **Introduction**
20
          1.     Plaintiff files this action to combat the willful manufacture, promotion,
21
    display, distribution, offer for sale and sale of unlicensed and counterfeit products
22
    bearing DC Comics' copyrights and trademarks.  Defendants are the owners,
23
    operators, and managers of a business producing custom cars related to various
24
    television shows, movies and other fanciful and copyrighted works.  Defendants'
25
    business is actively producing, selling, offering for sale, renting, and distributing
26
    unlicensed and counterfeit replica vehicles, and kits comprised of assorted parts and
27
    accessories, which incorporate unauthorized reproduction of fanciful vehicles
28

copyrighted and trademarked by DC Comics from its world famous BATMAN property, including, but not necessarily limited to, the various BATMOBILE vehicles and all of their BATMAN related indicia and components (collectively "Infringing Product").

2.    Plaintiff seeks a permanent injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act, Lanham Act and California common law.

**B.    Jurisdiction and Venue**

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as DC Comics' causes of action arises under The Copyright Act, 17 U.S.C. § 101 and the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et seq. Further, this Court has jurisdiction over DC Comics' California state statutory and common law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper within the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**C.    Plaintiffs**

5.    DC Comics is a New York General Partnership consisting of E.C. Publications, Inc. and Warner Communications Inc. having its principal place of business in New York, New York.

6.    DC Comics is engaged in the business of publishing comic magazines and is among the most well-known and successful publishers of comic magazines in the world.  It has created and published highly successful and well-known characters including but not limited to BATMAN, SUPERMAN, WONDER WOMAN and THE FLASH.

7.    A significant aspect of DC Comics' business is the merchandising and licensing of distinctive trademarks and copyrights associated with its highly successful and well-known character BATMAN.  BATMAN first appeared in the May 1939 issue of "Detective Comics."  BATMAN was instantly popular and has

since become one of the most successful and world-famous comic book super heroes.  Numerous related characters and other original and fanciful elements have since appeared in the BATMAN serials, including but not limited to BATMAN, ROBIN, THE RIDDLER, TWO FACE, CATWOMAN, THE PENGUIN, THE JOKER, the BAT Emblem, and the fictional city GOTHAM CITY (collectively referred to herein as the "Batman Characters").   Also, one of the most famous identifiable elements associated with the Batman Characters is a high-tech extraordinary automobile identified as the BATMOBILE vehicle, which has undergone many transformations over the years and includes various versions in design and style (hereinafter referred to as "Batmobile Vehicles").

8.     Since their introductions, the Batman Characters and the Batmobile Vehicles have been featured in many formats, other than comic books, including movie serials, newspaper comic strips, radio shows, animated television series, live action television series, animated motion pictures, live action motion picture and theatrical presentations, among others.  Specifically, the Batman Characters and the Batmobile Vehicles were the subject of a successful live-action television series entitled *Batman* starring Adam West as BATMAN which was initially broadcast in 1966 and ran for three seasons with a total of 120 episodes and featured many associated characters popularized in the original comic books.  The series has since been repeated in syndication throughout the United States and abroad.  One version of the Batmobile Vehicles appeared in the 1966 television series as well as various comic book publications of the 1960s and onward (the "1966 Batmobile"). These appearances have expanded the popularity of the Batman Characters and Batmobile Vehicles beyond the comic book medium and market.

9.     The Batman Characters and the Batmobile Vehicles have also been featured in the 1989 motion picture entitled *BATMAN* (the "1989 Film"), the 1992 motion picture entitled *BATMAN RETURNS* (the "1992 Film"), the 1995 motion

picture entitled *BATMAN FOREVER* (the "1995 Film"), the 1997 motion picture
entitled *BATMAN AND ROBIN* (the "1997 Film"), the 2005 motion picture entitled
*BATMAN BEGINS* (the "2005 Film"), and the most recent motion picture entitled
*THE DARK KNIGHT* in 2008 (the "2008 Film").

10.     The 1989 Film generated over $251 million dollars in domestic box
office receipts – nearly $500 million when adjusted for inflation.  The 1992 Film
generated over $162 million dollars in domestic box office receipts.  The 1995 Film
generated over $184 million dollars in domestic box office receipts.  The 1997 Film
generated over $107 million dollars in box office receipts. The 2005 Film generated
over $205 million dollars in box office receipts.  The 2008 Film generated over $533
million dollars in domestic box office receipts.   The *BATMAN* motion pictures have
resulted in domestic gross box office receipts in over a billion dollars, not to mention
additional revenues from syndication rights and home video distribution.  The
*BATMAN* motion pictures have proven to be among the most successful licensing
and merchandising ventures of all time, with gross retail sales of associated licensed
merchandise exceeding $1,000,000,000.

11.     United States revenue from products using original elements from the
Batman literary works, TV series, and motion pictures, including the Batman
Characters and the Batmobile Vehicles (specifically the 1966 Batmobile), is
substantial.  The appearance and other features of original elements from the Batman
literary works, TV series, and motion pictures, including the Batman Characters and
the Batmobile Vehicles (specifically the 1966 Batmobile), are inherently distinctive
and serve to identify DC Comics and its licensees as the source of products bearing
these original elements.  The design, configuration and distinctive features of the
Batman literary works, TV series, and motion pictures, including the Batman
Characters, the Batmobile Vehicles, and the 1966 Batmobile, and other DC Comics'
copyrighted works, and of works related thereto (hereinafter individually and

collectively referred to as the "DC Comics Copyrighted Designs") are wholly original with DC Comics and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101, et seq.  DC Comics is the owner of the DC Comics Copyrighted Designs and, as featured on or in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

12.    DC Comics has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the DC Comics Copyrighted Designs, and DC Comics owns one or more certificates of registration for works in which each of the DC Comics Copyrighted Designs appear.  A representative list of relevant copyright registrations for the DC Comics Copyrighted Designs is attached hereto as Exhibit "A."

13.    Products featuring the DC Comics Copyrighted Designs manufactured, sold and distributed by DC Comics or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  DC Comics and those acting under its authority have complied with their obligations under the copyright laws and DC Comics has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of the DC Comics Copyrighted Designs.

14.    DC Comics owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell product bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the DC Copyrighted Designs.

15.    DC Comics is the owner of world famous registered marks which serve to distinguish DC Comics' products.  Each year DC Comics spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks

and in its reputation for high quality.  A representative list of relevant trademark registrations for BATMAN, BATMOBILE and related properties is attached hereto as Exhibit "B" (collectively the "DC Comics Trademarks").   (The DC Comics Copyrights Designs and the DC Comics Trademarks are collectively referred to as the "DC Comics Properties.")

16.    The DC Comics Trademarks are all valid, extant and in full force and effect.  The DC Comics Trademarks are all exclusively owned by DC Comics.  DC Comics has continuously used each of the DC Comics Trademarks from the registration date, or earlier, until the present and at all times relevant to the claim alleged in this Complaint.

17.    DC Comics has granted and transferred to its related companies, Warner Bros. Consumer Products Inc., Warner Bros. Home Entertainment and WB Studio Enterprises Inc., subsidiaries of Warner Bros. Entertainment Inc., the right to supervise in the United States the merchandising and licensing of the copyrighted elements, trademarks, trade names and service marks incorporated in or associated with the DC Comics Properties.  Currently, Plaintiffs have numerous active license agreements in the United States.  These agreements provide for the authorized use of the DC Comics Properties on products and in connection with services, including replica full size operating vehicles, toy vehicles, watches, key chains and other personal accessories, among others.

18.    As a result of advertising and sales, together with longstanding consumer acceptance, the DC Comics Trademarks identify DC Comics' products and authorized sales of these products.  The DC Comics Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

19.    The revenue from products sold in the United States which use DC Comics Properties is substantial.

**D.   Defendants**

20.    Defendant Mark Towle ("Towle") is an individual who does business as Gotham Garage. DC Comics is informed and believes and upon that basis alleges that Towle is a resident of the City of Corona, County of Riverside, State of California, and that his principal place of business is in the City of Temecula, County of Orange, State of California. Towle also does business through the website located at the domain name gothamgarage.net, is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and selling merchandise that infringes the DC Comics Properties within this judicial district.

21.    Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court. Upon information and belief, Does 1 – 10 are principals or supervisory employees of the named defendants, suppliers of the named defendants or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district which infringes some or all of the DC Comics Properties. The identities of the various Does are unknown to DC Comics at this time. The Complaint will be amended to include the names of such individuals when identified. Towle and Does 1 – 10 are collectively referred to herein as "Defendants."

**COUNT I**

**COPYRIGHT INFRINGEMENT**

22.    DC Comics brings the following claim of copyright infringement against the Defendants and incorporates by reference allegations 1 through 21 above.

23.    Defendants have manufactured, distributed, sold, offered for sale, or rented unauthorized reproduction automobiles bearing and/or depicting copyrighted properties of DC Comics.

24.     Defendants have never been authorized by DC Comics to distribute the DC Comics Copyrighted Designs, nor has DC Comics ever authorized, licensed, or in any manner allowed the Defendants the right to manufacture, distribute, sell, offer for sale, or rent any merchandise including, but not limited to, automobiles or related merchandise which bear and/or depict any of the DC Comics Copyrighted Designs.

25.     Defendants have manufactured, distributed, sold, offered for sale, or rented unauthorized or counterfeit automobiles and other merchandise which incorporate the DC Comics Copyrighted Designs, in direct violation of DC Comics' copyrights.

26.     Defendants have manufactured, distributed, sold, offered for sale, or rented counterfeit or unauthorized automobiles or other merchandise bearing and/or depicting the DC Comics Copyrighted Designs. Defendants committed their acts with actual as well as constructive knowledge of DC Comics' exclusive rights, and their actions have contributed to the infringing, copying, duplication, sale, offer for sale, or rental of counterfeit copies of DC Comics Copyrighted Designs. Each act by the Defendants that infringes one of the DC Comics' copyrights is the basis for a separate claim against the Defendants under the Copyright Act.

27.     Upon information and belief, Defendants' acts as alleged are willful infringements of and have irreparably harmed DC Comics' copyrights and exclusive rights and threaten further infringements and further irreparable harm to DC Comics' copyrights and exclusive rights. Further harm and injury to DC Comics is imminent, and DC Comics is without an adequate remedy at law with respect to such harm and injury. Unless Defendants' acts are enjoined and the illicit counterfeiters of the DC Comics Copyrighted Designs are stopped, it is highly probable that the Defendants, or others under Defendants' direction, will manufacture, distribute, sell, offer for sale, or rent additional counterfeit automobiles or other merchandise which bear DC Comics' copyrighted properties causing further irreparable injury to DC Comics.

28.     Defendants have obtained gains, profit, and advantages as a result of their wrongful acts noted above.

29.     DC Comics is entitled, at its option, to statutory damages as provided by 17.U.S.C. § 504 in lieu of actual damages and the Defendants' profits.

## COUNT II

## TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING

30.     DC Comics brings the following claim of trademark infringement against the Defendants and incorporates by reference paragraphs 1–29 above.

31.     DC Comics owns the exclusive rights to those trademarks indexed on Exhibit "B." All of the trademark registrations are in full force and effect and are owned by DC Comics. Many of the trademarks are incontestable pursuant to 15 U.S.C. § 1065.

32.     DC Comics, or those under its authority, manufacture and distribute all of its advertising and products in conformity with the provisions of the U.S. trademark laws.

33.     Notwithstanding DC Comics' or its licensors' well-known and prior common law and statutory rights in the trademarks, Defendants have, with actual and constructive notice of DC Comics' federal registration rights and long after DC Comics established its rights, adopted and used the trademarks in conjunction with the sale of automobiles and related merchandise in the State of California and interstate commerce.

34.     Defendants have manufactured, distributed, sold, offered for sale, or rented automobiles and related merchandise bearing the DC Comics Trademarks without DC Comics' authorization. Defendants' distribution, sale, offer for sale, or rental of automobiles and related merchandise bearing the DC Comics Trademarks in California and in interstate commerce has and will cause likelihood of confusion, deception, and mistake in that the buying public will conclude that the products sold

by the Defendants are authorized, sponsored, approved, or associated with DC Comics.

35.     Said acts of infringement will cause irreparable injury to DC Comics if the Defendants are not restrained by the Court from further violation of DC Comics' rights as DC Comics has no adequate remedy at law.

36.     DC Comics has suffered damages as a result of the Defendants' acts.

37.     Defendants' use in commerce of the DC Comics Trademarks in conjunction with the manufacture and sale of automobiles and related merchandise is an infringement of DC Comics' registered trademarks in violation of 15 U.S.C. § 1114(1).

38.     Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure DC Comics and its businesses.

39.     The unlicensed automobiles bearing the DC Comics Trademarks that the Defendants sold, distributed, offered for sale, or rented constitutes a counterfeit product pursuant to 15 U.S.C. § 1116(d).

## COUNT III
## UNFAIR COMPETITION UNDER THE LANHAM ACT

40.     DC Comics brings the following claim of unfair competition against Defendants and incorporates by reference the allegations set forth in paragraphs 1-39 above.

41.     As a direct result of DC Comics' longstanding use, sales, advertising, and marketing, the DC Comics Properties have acquired a secondary and distinctive meaning among the public who have come to identify the DC Comics Properties with DC Comics and its products.

42.     The unauthorized and counterfeit automobiles and related merchandise that the Defendants have sold and distributed have exactly duplicated and

appropriated the DC Comics Properties and confused the public into believing that DC Comics approved, authorized, or sponsored the automobiles and related merchandise sold, offered for sale, or distributed by the Defendants.

43.     Defendants, by misappropriating and using the DC Comics Properties in connection with the manufacture, distribution, promotion, offer for sale and sale of automobiles and related merchandise, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. Defendants have caused such products to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from DC Comics.

44.     These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45.     The Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

46.     DC Comics has suffered monetary damages as a result of the Defendants' acts.

## COUNT IV

## UNFAIR COMPETITION UNDER CALIFORNIA'S COMMON LAW

47.     DC Comics brings the following claim of unfair competition against Defendants and incorporates by reference the allegations set forth in paragraphs 1-46 above.

48.     DC Comics has expended significant sums of money in advertising and marketing products featuring the DC Comics Properties and in creating a consumer demand for such products in California and elsewhere in the United States. Consequently, these products have become widely known and accepted.

49.    Defendants have distributed and sold unauthorized and counterfeit automobiles and related merchandise bearing exact copies of the DC Comics Properties in California, thereby passing them off as products authorized or distributed by DC Comics.

50.    Defendants have knowingly and willfully appropriated the DC Comics Properties in an effort to create the impression that the Defendants' counterfeit products are sanctioned by DC Comics and to misappropriate all of the goodwill associated with the DC Comics Properties.

51.    Defendants' acts constitute unfair competition and will, unless enjoined by this Court, result in the destruction or dilution of the goodwill in the DC Comics Trademarks and of DC Comics' valuable trademark rights to the unjust enrichment of the Defendants.

52.    The unauthorized products that are sold by the Defendants are calculated and likely to deceive and mislead the purchasers who buy them in the belief that they originate with or are authorized by DC Comics.

53.    The continued passing off by the Defendants of such unauthorized products as if such product originated from DC Comics has caused and, unless restrained, will continue to cause serious and irreparable injury to DC Comics.

54.    DC Comics has no adequate remedy at law and suffers irreparable harm as a result of the Defendants' acts.

55.    DC Comics has suffered damages as a result of the Defendants' acts.

56.    Defendants committed the alleged acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure DC Comics and its business.

### **PRAYER FOR RELIEF**

WHEREFORE, DC Comics demands entry of a judgment against the defendant as follows:

DC Comics v. Towle, et al.:  Complaint                    - 12 -

1.      Permanent injunctive relief restraining the Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

a.      Further infringing the DC Comics Properties by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, renting, advertising, promoting, displaying, or otherwise disposing of any products not authorized by DC Comics, including, but not limited to, automobiles and related merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the DC Comics Properties ("Unauthorized Products");

b.      Using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the DC Comics Properties in the promotion, advertisement, display, sale, offer for sale, rental, manufacture, production, circulation, or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to DC Comics or to any goods sold, manufactured, sponsored, or approved by or connected with DC Comics;

c.      Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected with DC Comics, or are sold, manufactured, licensed, sponsored, approved, or authorized by DC Comics;

d.      Engaging in any other activity constituting unfair competition with or an infringement of any of the DC Comics Properties or of DC Comics' rights in, or to use or to exploit its Properties, or constituting any dilution of DC Comics' name, reputation, or goodwill;

e.      Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a. through d.;

f.      Secreting, destroying, altering, removing, or otherwise dealing with the Unauthorized Products or any books or records that may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, renting, advertising, promoting, or displaying of all unauthorized products that infringe any of the DC Comics Properties; and

g.      From aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon any of the DC Comics Properties.

2.     Directing that the Defendants deliver for destruction all Unauthorized Products, including automobiles, labels, signs, prints, packages, dyes, wrappers, receptacles, and advertisements, in their possession or under their control bearing any of the DC Comics Properties or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making the same.

3.     Directing that the Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above.

4.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that DC Comics authorized or is related in any way to any products manufactured, sold, rented, or otherwise circulated or promoted by the Defendants.

5.     Awarding to DC Comics from the Defendants, as a result of the Defendants' sale of Unauthorized Products bearing the DC Comics Trademarks, three times DC Comics' damages and three times the Defendants' profits, after an

accounting, or statutory damages, should DC Comics opt for such relief, consisting of $200,000.00 for each of the DC Comics Trademarks infringed upon by the Defendants, and to the extent this Court concludes such infringement was willful, $2,000,000.00 for the DC Comics Trademarks infringed upon by the Defendants pursuant to 15 U.S.C. § 1114 and § 1117.

6.     Awarding to DC Comics from the Defendants, as a result of the Defendants' sale of Unauthorized Products bearing the DC Comics Trademarks, three times DC Comics' damages and three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

7.     That DC Comics be awarded from each Defendant found to be in violation of the DC Comics Copyrighted Designs, the Defendants' profits, or at DC Comics' election, an award of statutory damages pursuant to 17 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00) nor more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by each Defendant, at the Court's discretion, or should this Court find that such infringement was willful, that this Court, pursuant to its discretion, award statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000.00) for each copyrighted property infringed upon by each such Defendant.

8.     Awarding to DC Comics its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 105.

9.     Awarding to DC Comics its costs in bringing this action.

///

///

///

1

      10.    Awarding punitive damages to DC Comics for the Defendants' willful

2

acts of unfair competition under California's common law.

3

      11.    Awarding other such relief to DC Comics as this Court deems just.

4

Dated: November 22, 2011        J. Andrew Coombs, A Professional Corp.

5

6

By: _____

7

          J. Andrew Coombs

          Nicole L. Drey

8

      Attorneys for Plaintiff DC Comics

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

<u>DEMAND FOR JURY TRIAL</u>

3

     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff DC Comics

4

hereby demands a trial by jury of all issues so triable.

5

DATED: November __, 2011          J. Andrew Coombs, A Professional Corp.

6

7

By: _____

8

J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiff DC Comics

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## DC COMICS' COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| Txu 1-080-661 | DC Comics Anti-Piracy Guide Batman Robin Superman Wonderwoman Supergirl Justice League | Style Guide |
| VAu 1-059-478 | DC Comics Anti-Piracy Style Guide | Style Guide |
| TXu 521-001 | Batman Returns Style Guide I | Style Guide |
| TXu 513-455 | Batman Returns Style Guide II | Style Guide |
| TX 3-316-665 | DC Comics Batman Style Guide | Style Guide |
| RE-628-242 | Batman No. 170, Mar. 1965 | Periodicals |
| TX 5-593-461 | Batman | Monthly Publication |
| RE-628-244 | Detective Comics No. 337, Mar. 1965 | Periodicals |
| TX-3-402-770 | DC Comics presents Batman 3 D | visual arts |
| TX-4-183-766 | Batman: the terror of two-face | nondramatic literary works, computer programs |
| TX-5-871-232 | The DC Comics guide to writing comics | nondramatic literary works, computer programs |
| TXu-532-372 | DC Comics style guide. | visual arts |
| VA-776-450 | DC Comics Super Heros | visual arts |
| VA-777-441 | DC Comics Super Heroes Paint 'n' Marker book | visual arts |
| VA-777-593 | DC Comics Super Heroes: a giant coloring book. | visual arts |
| VA-795-718 | DC Comics super heroes sticker fun. | visual arts |
| VA-838-902 | DC Comics Super Heroes. | visual arts |
| VA-854-405 | DC Comics Super Heroes, gallery of heroes | visual arts |
| TX-5-060-774 | Batman & Demon | nondramatic literary works, computer programs |
| VA-839-545 | Batman & Mr. Freeze: SubZero--chill out | visual arts |
| PAu-1-865-982 | Batman 3: the final battle | Screenplay |

DC Comics v. Towle, et al.:  Complaint          - 18 -

| TXu-838-199 | Knight Force Batman | Style Guide |
|---|---|---|
| Original: B 277070 Renewal: RE 672-120 | Batman No. 184 (September 1966) | Periodical |
| Original: B 296388 Renewal: RE 672-124 | Batman No. 188 (December 1966) | Periodical |
| Original: B 318342 Renewal: RE 697-040 | Batman No. 190 (March 1967) | Periodical |
| Original: B 330079 Renewal: RE 697-052 | Batman No. 191 (May 1967) | Periodical |
| Original: B 341373 Renewal: RE 697-063 | Batman No. 192 (June 1967) | Periodical |
| Original: B 361814 Renewal: RE 697-082 | Batman No. 195 (September 1967) | Periodical |
| Original: B 511734 Renewal: RE 758-025 | Batman No. 214 (August 1969) | Periodical |
| Original: B 527368 Renewal: RE 758-041 | Batman No. 215 (September 1969) | Periodical |
| Original: B 542633 Renewal: RE 758-054 | Batman No. 217 (December 1969) | Periodical |
| Original: B 581384 Renewal: RE 788-337 | Batman No. 222 (June 1970) | Periodical |
| Original: B 914943 Renewal: RE 865-912 | Batman No. 255 (March/April 1974) | Periodical |
| TX 491-420 | Super Friends No. 32 (May 1980) | Periodical |
| Original: B 50179 Renewal: RE 886-411 | Limited Collector's Edition No. C-37 (August-September 1975) | Periodical |

# EXHIBIT B

# DC COMICS' TRADEMARKS

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
| Bat Emblem | 1581725 | February 2, 1990 |
| Bat Emblem | 1581593 | February 6, 1990 |
| Bat Emblem | 1581659 | February 6, 1990 |
| Bat Emblem | 2119266 | December 9, 1997 |
| Bat Emblem (Batman Begins) | 32990197 | September 25, 2007 |
| Bat Emblem (Batman Begins) | 3110604 | June 27, 2006 |
| Bat Emblem (Batman Begins) | 3326043 | October 30, 2007 |
| Bat Emblem (Batman Begins) | 3313612 | October 16, 2007 |
| Bat Rep II | 1219120 | December 7, 1982 |
| Batman | 0856045 | September 3, 1968 |
| Batman | 0858860 | October 22, 1968 |
| Batman | 0828412 | May 9, 1967 |
| Batman | 2457655 | June 5, 2001 |
| Batman | 1652640 | July 30, 1991 |
| Batman | 0839561 | November 28, 1967 |
| Batman | 1221720 | December 28, 1982 |
| Batman | 1587507 | March 20, 1990 |
|  |  |  |
| Batman & Rep. | 804709 | March 1, 1966 |
| Batman & Robin | 2171937 | July 7, 1998 |

| Batman & Robin | 2404483 | November 14, 2000 |
|---|---|---|
| Batman Beyond | 2762067 | September 9, 2003 |
| | | |
| Batmobile | Serial Number 85143617 | n/a |
| Batmobile | Serial Number 85143624 | n/a |
| Batmobile | 1179342 | November 24, 1981 |
| Batmobile | 1124961 | September 11, 1979 |
| Gotham City | 3353156 | December 11, 2007 |
| Gotham Knights | 3391795 | December 18, 2007 |
| Gotham Central | 3391794 | March 4, 2008 |
| | | |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On November 22, 2011, I served on the interested parties in this action with:

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; TRADEMARK DILUTION; DECLARATORY RELIEF

SUMMONS ON FIRST AMENDED COMPLAINT

in support for the following civil action:

Warner Bros. Entertainment Inc. v. M. Towle, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mark Towle<br>d/b/a Gotham Garage<br>1601 W. MacArthur Blvd., #4-G<br>Santa Ana, CA 92704 | Larry Zerner<br>Zerner Law<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067 |

Place of Mailing: Glendale, California
Executed on November 22, 2011, at Glendale, California

Katrina Bartolome

J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Tel.: (818) 500-3200 / Fax: (818) 500-3201



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics, | CASE NUMBER |
| PLAINTIFF(S) | CV11-3934 RSWL (OPx) |
| v. | |
| Mark Towle, an individual and doing business as Gotham Garage, and Does 1-10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): <u>MARK TOWLE, an individual and doing business as Gotham Garage</u>

A lawsuit has been filed against you.

Within <u> 21 </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ <u> FIRST </u> amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>J. Andrew Coombs</u>, whose address is <u>J. Andrew Coombs, A P.C., 517 East Wilson Avenue, Suite 202, Glendale, CA 91206</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>11/22/2011</u>

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On November 22, 2011, I served on the interested parties in this action with:

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT;
TRADEMARK INFRINGEMENT; UNFAIR COMPETITION;
TRADEMARK DILUTION; DECLARATORY RELIEF

SUMMONS ON FIRST AMENDED COMPLAINT

in support for the following civil action:

Warner Bros. Entertainment Inc. v. M. Towle, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Mark Towle | Larry Zerner |
|---|---|
| d/b/a Gotham Garage | Zerner Law |
| 1601 W. MacArthur Blvd., #4-G | 1801 Century Park East, Suite 2400 |
| Santa Ana, CA 92704 | Los Angeles, CA 90067 |

Place of Mailing: Glendale, California
Executed on November 22, 2011, at Glendale, California

*Katrina Bartolome*
Katrina Bartolome