Larry Zerner (SBN 155473)
ZernerLaw
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   (310) 773-3623
Facsimile:   (310) 388-5624

Attorney for Defendant Mark Towle,
An individual and d/b/a Gotham Garage

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics,<br><br>          Plaintiff,<br><br>    v.<br><br>Mark Towle, an individual and d/b/a Gotham Garage, and Does 1 – 10, inclusive,<br><br>          Defendants. | Case No. CV11-3934 RSWL (OPx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS CLAIM OF COPYRIGHT INFRINGEMENT PURSUANT TO FRCP 12(b)(6).<br><br>HEARING DATE: January 25, 2012<br>TIME: 10:00 a.m.<br>COURTROOM 21<br><br>BEFORE THE HONORABLE RONALD S.W. LEW |

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Please take notice that on January 25, 2012 at 10:00 a.m. in the Court of Judge Ronald S.W. Lew, located in Courtroom 21, 312 N. Spring Street, Los Angeles, CA, Defendant Mark Towle ("Defendant") will move the Court for dismissal of the cause of action for copyright infringement, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the following reasons:

1) Plaintiff is suing defendant for copyright infringement of an automobile and automobile designs cannot be copyrighted.

2) Plaintiff is not, and does not claim to be, the copyright holder to the 1966 Batman television series, or any of the subsequent motion pictures that the automobiles first appeared in.

3) None of the Batmobiles were separately registered for copyright.

4) The Batmobiles that Defendant is accused of infringing were subject to design patents which have long since expired.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice filed concurrently herewith, the First Amended Complaint and the pleadings and papers filed herein.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 6, 2011.

Date: December 16, 2011          Law Office of Larry Zerner

By: _____
    Larry Zerner
    Attorney for Plaintiff

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................... 1

II. FACTUAL BACKGROUND ................................................ 2

III. STANDARDS GOVERNING MOTIONS TO DISMISS ................... 3

IV. AUTOMOBILES ARE NOT COPYRIGHTABLE............................ 4

V. PLAINTIFF IS NOT AND DOES NOT CLAIM TO BE THE

COPYRIGHT OWNER OF THE BATMAN TELEVISION SERIES OR

ANY OF THE BATMAN MOTION PICTURES…………………………8

VI. THE 1966 BATMOBILE AND THE 1989 BATMOBILE WERE

SUBJECT TO DESIGN PATENTS THAT HAVE LONG SINCE EXPIRED.

.................................................................................................. 12

VII. PLAINTIFF SHOULD BE ALLOWED TO AMEND THE

COMPLAINT ONLY ON CERTAIN NARROW CONDITIONS ............ 13

VIII. CONCLUSION .................................................................. 14

Motion to Dismiss

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 200 U.S. 321, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) .......4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

   (2007) ........................................................................................................3, 4

*Durham v. Tomy*, 630 F.2d 905, 915 (2nd Cir. 1980) ...........................................7, 11

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ........3

## Statutes

17 U.S.C. § 113(b): ....................................................................................................7

17 U.S.C. §101 ...........................................................................................................5

Federal Rule of Civil Procedure 12(b)(6) ....................................................................3

Federal Rule of Civil Procedure 8(a)(2) ......................................................................3

## Other Authorities

H.Rep.No. 1476, 94th Cong., 2d Sess. 55 (1976), U.S. Code Cong. & Admin. News

   1976, p. 5668 .......................................................................................................7

House Comm. on the Judiciary, 87th Cong., Report of the Register of Copyrights on

   the General Revision of the U.S. Copyright Law (1961).........................................7

Motion to Dismiss

I.   <u>INTRODUCTION</u>

It is a well settled principle of law that useful articles, such as toasters, silverware, and automobiles are not copyrightable.  While many useful articles incorporate creative design elements, bestowing copyright on such designs would give patent-like protection to these utilitarian objects, without requiring the additional review performed before a patent is granted.  This would result in protection for works that are neither novel nor non-obvious.

DC Comics, however, seems to believe that this well established rule, that automobiles are not copyrightable, does not apply if it merely alleges that the automobile first appeared in a comic book.[1]  DC sued Mr. Towle for copyright infringement for selling working replica automobiles that resemble the Batmobile and claims that the design of the Batmobiles is protected by copyright.

However, while there may be no dispute that DC owns the copyright to Batman, Robin, Joker, Riddler, Penguin, and all the other flamboyant characters in their superhero universe, one thing should be absolutely clear, for the following reasons, DC does not and cannot own a copyright for an automobile that looks like the Batmobile.

1)   Automobile designs cannot be copyrighted and are not protected by copyright

2) DC is not, and does not claim to be, the copyright holder to the 1966 Batman television series, or any of the subsequent motion pictures in which the Batmobiles first appeared.

3) None of the Batmobiles were separately registered for copyright.

4) The Batmobiles that Mr. Towle is accused of infringing were subject to design patents which have long since expired.

For these reasons, to the extent that DC is claiming that Mr. Towle infringed its' copyright by selling replica Batmobile automobiles, it has failed to state a claim against Mr. Towle.

## II.  FACTUAL BACKGROUND

As Plaintiff alleges right at the beginning of the First Amended Complaint ("FAC"), "Defendant's business is actively producing, selling, offering for sale, renting, and distributing <u>unlicensed and counterfeit replica vehicles</u> and kits comprised of assorted parts and accessories, which incorporate unauthorized reproduction of fanciful vehicles copyrighted . . . by DC Comics . . . including . . the various BATMOBILE vehicles. . . ." FAC, ¶1.

The most famous Batmobile appeared in the 1966 television series starring Adam West (FAC ¶8) and other Batmobiles appeared in various films beginning in 1989 (FAC ¶9).  DC claims that all the Batmobile Vehicles, and specifically the

---

[1] If this were true then Ford, Toyota and GM would have gone into the comic book business long ago.

Motion to Dismiss

1966 Batmobile are "DC Comics Copyrighted Designs" (FAC ¶11) and that DC has obtained certificates of registration "for works in which each of the DC Comics Copyrighted Designs appear" and that the relevant copyright registrations are attached as Exhibit "A" to the FAC.

DC alleges that Mr. Towle has infringed DC's copyright by manufacturing, distributing, selling, offering for sale or rent, unauthorized or counterfeit automobiles which incorporate DC Comics Copyrighted Designs, including the design of the various Batmobiles. (FAC ¶25). DC then requests in the prayer for relief that Mr. Towle be enjoined from selling any automobiles that are not authorized by DC Comics. (FAC Prayer ¶1a.)

## III. STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 200 U.S. 321, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id*.

In conducting the above analysis, a court must accept all factual allegations as true even if doubtful in fact. *Twombly*, 550 U.S. at 555. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949.

## IV.   AUTOMOBILES ARE NOT COPYRIGHTABLE

It is undisputable that automobiles, even automobiles that have been reproduced in comic books, are not subject to copyright protection. The reason for this is that

automobiles are considered to be "useful articles" and "useful articles" are not subject to copyright protection.

"A 'useful article' is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  17 U.S.C. §101.

"The design of a useful article, as defined in this section, shall  be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features  that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Id.*

That automobiles are useful articles and are not copyrightable is an entirely non-controversial idea.  It is only DC Comics that believes that this rule does not apply to the Batmobile.  On the Copyright Office website, one can find an article on "Useful Articles" that states:

"A "useful article" is an object that has an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. Examples are clothing; <u>automobile bodies</u>; furniture; machinery, including household appliances; dinnerware; and lighting fixtures. An article that is part of a useful article, such as an ornamental wheel cover on a vehicle, can itself be a useful article." (http://www.copyright.gov/fls/fl103.html). (Emphasis Added.)

Motion to Dismiss

Nor does it matter that the Batmobile design may be more aesthetically satisfying or valuable than that of a less exotic looking car.

"The House Report on the 1976 Act emphasizes that the definition of "pictorial, graphic, and sculptural works" was intended "to draw as clear a line as possible between copyrightable works of applied art and uncopyrighted works of industrial design."

'Although the shape of an industrial product may be aesthetically satisfying and valuable, the Committee's intention is not to offer it copyright protection under the bill.  Unless the shape of an <u>automobile</u>, airplane, ladies' dress, food processor, television set, or any other industrial product contains some element that, physically or conceptually, can be identified as separable from the utilitarian aspects of that article, the design would not be copyrighted under the bill.  The test of separability and independence from "the utilitarian aspects of the article" does not depend upon the nature of the design, that is, even if the appearance of an article is determined by aesthetic (as opposed to functional) considerations, only elements, if any, which can be identified separately from the useful article as such are copyrightable. And, even if the three-dimensional design contains some such element (for example, a carving on the back of a chair or a floral relief design on silver flatware), copyright protection would extend

Motion to Dismiss

only to that element, and would not cover the overall configuration of the utilitarian article as such."

*Durham v. Tomy*, 630 F.2d 905, 915 (2nd Cir. 1980) *quoting* H.Rep.No. 1476, 94th Cong., 2d Sess. 55 (1976), U.S. Code Cong. & Admin. News 1976, p. 5668 (Emphasis added).

The Congressional record preceding the adoption of the Copyright Act sets forth the following examples of the limitation expressed by 17 U.S.C. § 113(b):

"Under distinctions indicated in existing court decisions, that the copyright in a work portraying a useful article as such would not protect against manufacture of that article, ***copyright protection would not extend*** to the following cases:

- A copyrighted drawing of a chair, used to manufacture chairs of that design;

- ***A copyrighted scale model of an automobile, used to manufacture automobiles of that design***;

- A copyrighted technical drawing showing the construction of a machine used to manufacture the machine;

- A copyrighted picture of a dress, used to manufacture the dress.

House Comm. on the Judiciary, 87th Cong., Report of the Register of Copyrights on the General Revision of the U.S. Copyright Law (1961). (Emphasis Added).

The record is clear not only that useful articles are not copyrightable but that automobiles are often given as the textbook example of an item that can be aesthetically pleasing and require design, but not subject to copyright protection. The Batmobile is no more subject to copyright protection than would the Bat Coffeepot or the Bat Pencil.

Please note that Mr. Towle is not being accused of selling drawings of the Batmobile, or toy models of the Batmobile.  Mr. Towle is accused of selling full scale, working, automobiles that resemble the Batmobile.  As such, they are absolutely considered to be useful articles.

Attached to the Request for Judicial Notice as Exhibits "1" "2" and "3" are true and correct copies of photographs of the Batmobile from the 1966 television series, the 1989 motion picture and the 1995 Motion Picture. Plaintiff requests that the court take judicial notice of these photographs.

As the court can see from viewing the photographs of the Batmobiles, the design of the cars themselves are not copyrightable, nor are they severable.  Accordingly, to the extent that Plaintiff is claiming that reproductions of the Batmobiles constitute copyright infringement, it has failed to state a claim.

## V. PLAINTIFF IS NOT AND DOES NOT CLAIM TO BE THE COPYRIGHT OWNER OF THE BATMAN TELEVISION SERIES OR ANY OF THE BATMAN MOTION PICTURES.

Motion to Dismiss

Even if the Court were to accept that the Batmobiles from the 1966 television program or the various motion pictures are entitled to copyright protection, DC cannot claim copyright infringement to these automobiles because DC is not the copyright claimant to either the 1966 television program or any of the motion pictures.  In Exhibit "A" to the FAC, DC lists 34 different properties it claims Mr. Towle may have infringed.  As copyright registration is a prerequisite to filing a lawsuit for copyright infringement, Plaintiff must show that it has registered (or at least applied for registration) to whatever material Mr. Towle is accused of infringing.  However, notably missing from the list of copyrighted items on Exhibit "A" are any claims to either the 1966 Batman television series, or any of the subsequent Batman motion pictures.   The reason for this is simple.  DC Comics is not the copyright claimant to either the television series or the motion pictures.   The copyright claimants to the television series are Greenway Productions, Inc., and Twentieth Century-Fox Television, Inc.  The copyright claimant to the various motion pictures is either Warner Brothers or Warner Brothers Pictures.  Attached to the Request for Judicial Notice as Exhibits "4" through "8" are true and correct copies of the copyright registrations for the 1966 television series[2] and the motion pictures.  Judicial Notice of these facts is hereby requested.

---

[2] With regard to the 1966 Television Series, attached is the copyright record for the first episode of the series, "Hi Diddle Riddle."  If the court would like the copyright records for all 120 episodes, they can be provided.  However, it does not appear to be in dispute that DC Comics is not the copyright owner of the television series or the

Motion to Dismiss

DC appears to be arguing that the appearance of a version of the Batmobile in the Batman comics, was sufficient for it to claim copyright in the automobiles that appeared in the television programs and the motion pictures, despite the fact that the Batmobile in the comic books prior to the 1966 television show did not look like the Batmobile in the television program.

In Exhibit "A" to the FAC, DC has only listed two comic books that existed prior to the television program, *Batman* comic #170, and *Detective Comics* #337, both from March 1965.  Attached to the Request for Judicial Notice as Exhibits "9" and 10 are true and correct copies of those pages from Batman #170 and Detective #337 in which the Batmobile is depicted.

Detective #337 only has one partial view of the Batmobile.  But in Batman #170, which has multiple frames showing the Batmobile, even a careful look shows that there is nothing about the car that would be copyrightable.  Furthermore, the Batmobile depicted in Batman #170 does not even look like the 1966 Batmobile.

Nor can DC use images of the Batmobile that were used in comic books after 1966 to claim copyright to the Batmobile.  As set forth above, DC is not the copyright owner to the television program and did not have a Batmobile that looked like the 1966 Batmobile prior to the show's debut. If, after the show debuted, DC

motion pictures.  If it were, it would have certainly included that information in Exhibit "A" to the FAC.

Motion to Dismiss

artists used the 1966 Batmobile as a guide for the new Batmobile in the comic book, that would simply constitute a derivative work.

"The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." *Durham v. Tomy*, 630 F.2d 905, 909 (2nd Cir. 1980).

In *Durham v. Tomy,* plaintiff and defendant were rival toy manufacturers who each made toy figurines based on the famous Disney characters, Mickey Mouse, Donald Duck and Pluto.  Tomy claimed Durham was infringing its' copyright to the toys.  Durham sued for a declaratory judgment that it was not violating Tomy's rights and Tomy counterclaimed for copyright infringement. *Durham* at 907.  The court determined that since Tomy was simply copying the famous images of Mickey Mouse, Donald Duck and Pluto, Tomy's work was not original enough to claim copyright. "One look at Tomy's figures reveals that, in each, the element of originality that is necessary to support a valid copyright is totally lacking.  [Citations Omitted] The three Tomy figures are instantly identifiable as embodiments of the Disney characters in yet another form: Mickey, Donald and Pluto are now represented as small, plastic, wind-up toys." Id. at 908-909.

Motion to Dismiss

While DC can certainly claim copyright to the drawings and the story incorporated in these comic books, it cannot claim copyright to the pre-existing Batmobile design when it merely copies the 1966 Batmobile into its own comic books (assuming, *arguendo*, that the court first finds that automobile designs are copyrightable.)

VI.   THE 1966 BATMOBILE AND THE 1989 BATMOBILE WERE SUBJECT TO DESIGN PATENTS THAT HAVE LONG SINCE EXPIRED.

As a final reason why the FAC fails to state a cause of action for copyright infringement in the cars, the court may take notice that both the 1966 Batmobile, the 1989 Batmobile, and the 1995 Batmobile were all subject to design patents which have expired.

In 1966, George Barris, the creator of the 1966 Batmobile, filed for and obtained a design patent on the Batmobile, (Patent No. DES 205,998). In 1990, DC Comics obtained a design patent on the 1989 Batmobile (Patent No. DES 311,882). And in 1996, DC Comics obtained a design patent on the 1995 Batmobile (Patent No. DES 375,704). . Copies of these patents are attached as exhibits 11, 12, and 13. Each of these patents was valid for a term of 14 years and therefore, each of these patents has expired (in 1980, 2004 and 2010, respectively).

Motion to Dismiss

First, the fact that DC Comics obtained the patents on the 1989 and 1995 Batmobiles would indicate that DC understands and agrees that automobile designs are not copyrightable and are not protected under copyright law.

And second, by filing for a design patent, DC Comics understood that its protection for these designs was limited to the 14 years. DC Comics had its 14 years of protection under the patent laws. Now that the patents have expired, Mr. Towle, and anyone else, has the right to exploit the designs set forth in those patents.

## VII.   PLAINTIFF SHOULD BE ALLOWED TO AMEND THE COMPLAINT ONLY ON CERTAIN NARROW CONDITIONS

While the right to amend the complaint is usually liberally granted, the court should note that Plaintiff has already filed an amended complaint. This was after an earlier meet and confer with Defendant's counsel regarding the exact same issues that arose in the FAC. If the court agrees that DC Comics cannot state a cause of action for copyright infringement of an automobile design, then if Plaintiff is given leave to amend it should be required to specifically state 1) precisely what copyrights it reasonably believes Defendant infringed; 2) if Plaintiff believes that Defendant sold or manufactured a product other than an automobile that infringes Plaintiff's copyright, then it should state exactly what that product is. Plaintiff should not be allowed to take advantage of the liberal pleading rules, to simply state vague allegations of infringement (i.e., allegations that Defendant sold "other merchandise

Motion to Dismiss

which incorporate the DC Comics Copyrighted Designs" FAC ¶25) without putting Defendant on notice on precisely what he is accused of selling.

## VIII.  CONCLUSION

While it may be amusing to have a case involving the Batmobile, the fact is, this case is extremely serious to Mr. Towle.  His livelihood is making custom cars.  He has relied on the public records showing the expiration of the design patents and the well settled principals that automobiles are not copyrightable to create his business. By falsely claiming that the Batmobiles are protected by copyright, and threatening damages in the complaint of up to $150,000 per act of infringement (FAC, p. 15), DC Comics is trying not only to wrongly stop Mr. Towle, but to send a chilling message to other custom car manufacturers, that they will face a similar fate, should they try to sell replica Batmobiles, even though the activity is entirely legal.

For this reason it is extremely important that this court not let DC go forward with the infringement claim if it agrees that the Batmobile is uncopyrightable. Otherwise, DC will simply use its vastly superior financial position to force Mr. Towle to stop selling a perfectly legal product, and will chill others from doing the same.  DC's actions constitute copyright misuse and should not stand.

Date: December 16, 2011           Law Office of Larry Zerner


                           By: _____
                              Larry Zerner
                              Attorney for Plaintiff