J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiff DC Comics

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics,<br><br>                Plaintiff,<br><br>  v.<br><br>Mark Towle, an individual and d/b/a Gotham Garage, and Does 1-10, inclusive,<br><br>                Defendants. | Case No. CV11-3934 RSWL (OPx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>DATE: January 25, 2012<br>TIME:  10:00 am<br>COURTROOM: 21<br><br>BEFORE THE HONORABLE RONALD S.W. LEW |

- i -

# INTRODUCTION

Defendant Mark Towle, an individual and d/b/a Gotham Garage ("Defendant"), is a willful infringer who brings this unfounded motion in a premature and misguided attempt to evade liability for his improper activities. Defendant blatantly infringes upon Plaintiff DC Comics' ("Plaintiff" or "DC") famous Batman-related copyrights, trademarks and other rights in connection with his manufacture, advertising, sale and distribution of admittedly unlicensed replica Batmobile vehicles. Plaintiff's First Amended Complaint clearly pleads the requisite elements for its copyright infringement cause of action and more than adequately apprises Defendant of the legally cognizable claims against him under which Plaintiff seeks to recover. Despite this, Defendant asserts that DC's claim for copyright infringement should be dismissed under Fed. R. Civ. P. 12(b)(6). [1]

Plaintiff is the owner of valid copyrights in the Batmobile in all of its various incarnations, as pled in the First Amended Complaint. Defendant's attempt to introduce extrinsic evidence in an attempt to undermine DC's ownership is improper, but even were it allowed, it would at most create a question of fact and would in no way warrant dismissal of Plaintiff's claim. Defendant's argument regarding preclusion of copyright protection for automobiles suffers from the same defect, as it merely raises a question of fact as to which elements of the Batmobiles are not useful articles subject to copyright protection. Finally, case law is clear that a design patent – even assuming that DC had obtained one on the Batmobile – does not preclude protection under copyright, contrary to Defendant's completely unsupported argument.

Defendant's motion is without basis. It improperly relies on evidence extrinsic to the pleadings, and even were that evidence to be considered, at most Defendant has raised issues of disputed fact. As this does not come remotely close to meeting the

---

[1] Defendant does not move to dismiss Plaintiff's trademark infringement, unfair competition under the Lanham Act, and unfair competition under California's common law claims.

- 1 -

standard under FRCP 12(b)(6), the Motion to Dismiss Claim of Copyright Infringement Pursuant to FRCP 12(b)(6) ("Motion") should be summarily denied.

## STATEMENT OF FACTS

As alleged in the First Amended Complaint, the sole document properly before the Court,[2] Plaintiff is the creator and publisher of the highly successful and well-known Batman universe, which includes such characters as Batman, The Riddler, Two Face, Catwoman, The Penguin, and The Joker, among others, as well as various identifiable elements such as the Bat Emblem and the Batmobile vehicle. First Amended Complaint, Docket No. 13, filed November 22, 2011 ("FAC"), at ¶¶ 6-7. Throughout the life of the Batman universe, the Batmobile, in particular, has undergone many transformations and included various versions in design and style. Id. at ¶ 7. The Batmobile has appeared in many formats, including, but not limited to, comic books, movie serials, newspaper comic strips, radio shows, animated television, series, live action television series, animated motion pictures, live action motion pictures, and theatrical presentations. Id. at ¶¶ 7-8. Regardless of the format in which it appeared and the owner to which the copyright for that overall format was registered, Plaintiff has at all times reserved all copyright and trademark rights to the Batman characters and elements contained therein, specifically including the Batmobile, and is the owner of the copyrights to the various Batmobile versions. Id. at ¶¶ 11-13.

In violation of Plaintiff's copyrights and trademarks, and in violation of various laws of unfair competition, Defendant has manufactured and distributed full-size, identical replicas of various versions of Plaintiff's Batmobile property. FAC at ¶¶ 1, 20, 22-56. Defendant incorporates the various fantastical and creative elements from

---

[2] Extraneous material is not appropriate on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1483 (9th Cir. 1991). The Court's review is limited to the plaintiff's complaint. In re Autodesk, Inc. Sec. Litig., 132 F. Supp. 2d 833, 837 (N.D. Cal. 2000) citing Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).

Plaintiff's designs of the Batmobiles into his replicas and markets his designs as "Batmobiles" to the general public.  See id. at ¶¶ 7-9, 11, 15, 25-26, 33-34.  Defendant is fully aware of Plaintiff's rights in and to the Batmobile vehicles, and yet he continues to persist in his illegal business, asserting that his actions are protected by rights that he knows full well do not exist.  Id. at ¶¶ 20, 26.

## ARGUMENT

### I.  Legal Standards

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Importantly, the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  Further, should questions of fact exist as to the elements of the underlying claim, dismissal is improper.  Cook, Perkiss & Liehe, Inc. v. Southern California Collection Service, Inc., 911 F.2d 242, 245 (9th Cir. Cal. 1990) citing Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 212 (9th Cir. 1957).

Moreover, the Court's review under Fed. F. Civ. P. 12(b)(6) is limited to the contents of the First Amended Complaint.  In re Autodesk, Inc. Sec. Litig., 132 F. Supp. 2d 833, 837 (N.D. Cal. 2000) citing Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  The Court cannot consider material outside of the First Amended Complaint to assess its sufficiency in stating a claim upon which relief can be granted.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1483 (9th Cir. 1991).

Finally, should the Court grant Defendant's Motion and dismiss Plaintiff's copyright claim, leave to amend is generally liberally granted, unless amendment

- 3 -

would be futile.  Cook, Perkiss & Liehe, Inc., 911 F.2d at 246-47.  In determining futility, the Court must examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## II. Plaintiff's First Amended Complaint Sufficiently Pleads a Cause of Action for Copyright Infringement.

Plaintiff has alleged the requisite elements of a copyright infringement claim.  Copyright infringement is established by showing (1) ownership of the copyright and (2) violation of an exclusive right by the defendant.  17 U.S.C. § 501(a); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1159 (9th Cir. 2006); A & M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

Defendant does not dispute that he manufactured and distributed the various versions of the Batmobile identified in Plaintiff's First Amended Complaint.  See Notice of Motion and Motion to Dismiss Claim of Copyright Infringement Pursuant to FRCP 12(b)(6), Docket No. 15, filed on December 16, 2011 ("Motion"), generally; see also 17 U.S.C. § 106 (granting to the copyright owner the exclusive rights of reproduction and distribution, among others).  Rather, Defendant's entire argument hinges on whether Plaintiff owns enforceable copyrights in the Batmobile vehicles such that Defendant's conduct constituted infringement.  See Motion, generally.  Plaintiff has alleged sufficient facts in its First Amended to Complaint to establish its ownership of the copyrights in and to the Batmobile vehicles such that Defendant's Motion is properly rejected or, alternatively, leave to amend should be granted to better address any purported defects.

### A. Plaintiff Owns all Intellectual Property to the Batmobile.

Plaintiff has sufficiently pled its ownership to the copyrights in and to the various versions of the Batmobile.  Specifically, Plaintiff has pled that it is the creator of the Batmobile, licensing its use to third-parties in connection with various motion pictures, television programs, and other merchandising avenues. FAC at ¶¶ 6-14, 17.

- 4 -

At all times since the Batman universe's inception, Plaintiff has reserved all copyright and trademark rights to the Batman characters and elements contained therein, specifically including the Batmobile, and is the owner of the copyrights to the various Batmobile versions.  Id. at ¶¶ 11-13.

Defendant improperly attempts to introduce extrinsic evidence not properly considered on a motion to dismiss, alleging that this evidence demonstrates that Plaintiff does not own copyrights in the Batmobile.  See Request for Judicial Notice, Docket No. 16, filed December 17, 2011.  However, none of this evidence consists of registrations specifically for the Batmobile nor do any of the registrations pre-date Plaintiff's original creation of the Batmobile.  See id.; see also FAC at ¶ 7 & Ex. A.  In fact, other courts have specifically found that Plaintiff is the owner of the copyrights in and to the characters and elements represented in the 1966 Batman television series, despite not being the registered the owner for the television series itself.  See White v. Samsung Elec. Am., Inc., 989 F.2d 1512, 1518 citing Carlos V. Lozano, *West Loses Lawsuit over Batman TV Commercial*, L.A. Times, Jan. 18, 1990, at B3 (describing Adam West's right of publicity lawsuit over a commercial produced under license from DC Comics, owner of the Batman copyright).[3]  Even were this evidence properly before the Court, at the very most it merely raises issues of fact as to the ownership of the Batmobile, a matter not properly before the court on a motion to dismiss.  See Cook, Perkiss & Liehe, Inc., 911 F.2d at 245 citing Rennie & Laughlin, Inc., 242 F.2d at 212 (dismissal is not proper where questions of fact exist).

**B.    The Batmobile, and the Expressive Elements Contained Therein, Is a Copyrightable Work of Art.**

While automobiles (in their entirety) may be considered useful articles not protected by copyright, Defendant's Motion utterly ignores the issue of separability of non-functional, artistic elements of Plaintiff's Batmobiles from the underlying vehicle.

---

[3] Full text available at: http://articles.latimes.com/1990-01-18/local/me-291_1_adam-west (last visited January 3, 2012).  For the Court's convenience, a copy of the judicially-referenced article is attached hereto as Appendix A.

- 5 -

Regardless of whether the vehicle as a whole constitutes a useful article, copyright protection still exists for the design elements contained therein or thereon that can by physically or conceptually separated from the underlying useful article. Leicester v. Warner Bros., 232 F.3d 1212, 1219, n.3 (9th Cir. 2000); Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d 324, 328 (2d Cir. 2005); Norris Indus. v. Int'l Tel. & Tel. Corp., 696 F.2d 918, 923 (11th Cir. 1983); see also 17 U.S.C. § 101.

Specifically, copyright protection has been extended to the artistic and non-functional elements of automobiles, particularly those used in connection with film, television, or other creative works. See Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1224-25 (9th Cir. 2008) (summary judgment granted in favor of car company creating replicas of car featured in motion picture reversed in order to determine extent of copyright protection for the vehicle). Whether there exist such design elements on an otherwise useful article such that copyright protection is afforded to those elements is an issue of fact not appropriately decided on a motion to dismiss. Fabrica Inc. v. El Dorado Corp., 697 F.2d 890, 893 (9th Cir. 1983); Kikker 5150 v. Kikker 5150 United States, LLC, 2004 U.S. Dist. LEXIS 16859, at **26 (N.D. Cal. Aug. 13, 2004) (separability of potentially copyrightable elements on utilitarian motorcycles could not be determined as a matter of law and required determination by a trier of fact in an evidentiary hearing).

### C. A Design Patent Does Not Preclude Separate Copyright Protection.

Finally, Defendant cites no authority supporting his proposition that design patents filed on the Batmobile vehicles[4] specifically preclude the existence of concurrent copyright protection. On the contrary, most jurisdictions have rejected the

---

[4] Were the facts relating to these design patents developed, it would become clear that some of these design patents were rogue filings by third parties who did not own any rights in Batmobiles. Design Patent D205998 was filed by George Barris, who was hired by Twentieth Century Fox ("Fox") to design a Batmobile for the 1960s television series. However, DC has reserved all rights to the Batmobile in its contracts with Fox and the ABC network. Indeed, the text of the Barris/Fox Batmobile contract at http://www.1966batmobile.com/contract.htm provides that Barris' rights are subject "to any and all right, title and interest of National Periodical Publications, Inc. [DC's predecessor] . . . in and to said Batmobile features in said design."

- 6 -

1  theory that one must elect between copyright and patent protection, specifically
2  including the Court of Customs and Patent Appeals.  In re Yardley, 493 F.2d 1389,
3  1395-96 (C.C.P.A. 1974) ("[W]e do not think that the constitutional provision requires
4  an election.  The Congress, through its legislation under the authority of the
5  Constitution, has interpreted the Constitution as authorizing an area of overlap where
6  a certain type of creation may be the subject matter of a copyright and the subject
7  matter of a design patent.  We see nothing in that legislation which is contradictory
8  and repugnant to the intent of the framers of the Constitution.  Congress has not
9  required an author-inventor to elect between the two modes which it has provided for
10 securing exclusives rights on the type of subject matter here involved."); see also Dam
11 Things from Denmark v. Russ Berrie & Co., 173 F. Supp. 2d 277, 283 (D.N.J. 2001)
12 vacated and remanded on other grounds by Dam Things from Denmark v. Russ Berrie
13 & Co., 290 F.3d 548 (3d Cir. 2002) ("A review of case law interpreting the 'election
14 doctrine' reveals that most jurisdictions have rejected it.").

15    Moreover, while not formally deciding the issue, the Supreme Court has
16 specifically noted that "[n]either the Copyright Statute nor any other says that because
17 a thing is patentable it may not be copyrighted."  Mazer v. Stein, 347 U.S. 201, 217, 98
18 L. Ed. 630, 74 S. Ct. 460 (1954).  Thus, the existence of design patents, even were it
19 established that they filed and owned by DC, does not preclude copyright protection
20 for the Batmobile vehicles.

## CONCLUSION

22    For all of the foregoing reasons, Plaintiff respectfully requests Defendant's
23 Motion be denied in its entirety.

DATED: January 4, 2012                 J. Andrew Coombs, A Professional Corp.

                                       By: /s Nicole L. Drey
                                           J. Andrew Coombs
                                           Nicole L. Drey
                                       Attorneys for Plaintiff DC Comics

---

ADVERTISEMENT



| Subscribe/Manage Account | Place An Ad | LAT Store | Jobs | Cars | Real Estate | Rentals | More Classifieds | Custom Publishing |

# Los Angeles Times

**LOCAL**   U.S.   WORLD   BUSINESS   SPORTS   ENTERTAINMENT   HEALTH   LIVING   TRAVEL   OPINION     Search    GO

L.A. NOW    POLITICS    CRIME    EDUCATION    O.C.    WESTSIDE    NEIGHBORHOODS    ENVIRONMENT    OBITUARIES    FINDLOCAL

YOU ARE HERE: LAT Home → Collections

**ADS BY GOOGLE**

**Auto Accident Lawyers**
Let Us Help You find the Right Auto Accidents Lawyer. Free Consult
www.1800thelaw2.com

**Submit Your Ideas Now**
We Turn Your Ideas Into Successful Brand New Products. Contact us!
www.Davison.com

**Sign up for Google Offers**
The best of your city at even better prices. Sign up today!
www.google.com/offers

**U. S. Patent Attorney**
$2900 Non-Prov Patent Application 20 Years Experience & Examiner.
www.patent-application.us

ADVERTISEMENT



**FROM THE ARCHIVES**

WHAT ARE THEY UP TO NOW? : Adam 'Batman' West still wings...
*July 11, 1993*

## West Loses Lawsuit Over Batman TV Commercial

**January 18, 1990** | CARLOS V. LOZANO | TIMES STAFF WRITER



Ex-Batman actor Adam West lost his dynamic duel Wednesday against a group of advertising agencies he alleged stole his characterization of the crime fighter.

West, who portrayed the caped crusader in the campy 1960s ABC network television series, was seeking $900,000 in damages from the agencies for producing a television commercial featuring another Batman actor. West alleged in his complaint that the actor portrayed Batman in such a way to make viewers believe it was West.

**ADS BY GOOGLE**

**Promises Treatment Center**
Drugs/Alcohol Making You Miserable? Promises Can Help You. Learn more.
www.promises.com

**Timeshare Cancellation**
Cancel your Timeshare with a Real Attorney Today! 855-346-6529
www.FinnLawGroup.com/TakeAction/

**LA Immigration Lawyers**
Call us about your immigration and visa needs - 626-228-0638
www.lawyers4immigration.com

**Sued by Asset Acceptance?**
Fight Back Against Lawsuit. Call 888.595.9111 Now. Free Evaluation!
www.AttorneysForConsumers.com/AACC

In his ruling, Burbank Superior Court Judge Stephen O'Neil said the central issue was a contractual one that had nothing to do with West's portrayal of Batman.

"Adam West is a talented actor, but he was an actor, not the creator of Batman," O'Neil said. "He, Adam West, was playing the part of Batman, and in merely playing such a role does not receive or create a property right absent a contract."

O'Neil said West gave up all rights to his portrayal of Batman in the contract he signed in 1965 with Greenway Productions, producer of the television series, which is still widely shown in reruns.

O'Neil said the advertising agencies involved in the commercial had paid DC Comics, which originated the crime fighter, for the right to use the likeness of the Batman character.

West had argued that the actor in the 1986 commercial used gestures and speech patterns similar to his in the television series. West said the actor and the producers of the commercial deliberately attempted to re-create his unique portrayal of Batman.

West was not in court Wednesday and could not be reached for comment. His attorneys said the 51-year-old actor was in Sun Valley, Idaho, where he was to participate this week in a ski race against Michael Keaton, who portrayed Batman in the 1989 Warner Bros. movie of the same name.

The commercial depicts the Batman and Robin characters shopping during the Christmas season at Zayre's, a chain of discount department stores.

West said that in addition to losing the $175,000 he would have charged to appear in the commercial, his reputation as an actor had also been damaged.

West's lawsuit, filed in August, 1988, named three agencies--Ian Leech and Associates of Los Angeles; Ingalls, Quinn and Johnson of Boston, and BBDO New York.

One of West's attorneys, Dean Tebelius, declined to say if the actor would appeal.

Despite the ruling, Tebelius said, he still believes the law is vague on what rights an actor has in such cases.

ADS BY GOOGLE

**Nerve Damage Attorneys**
Nerve Damage Case? We Can Help. Call For a Free Legal Consultation!
www.InjuryHelpLineAttorney.com

**ERISA Attorneys**
Experienced in Disability & Life Insurance Claims. 619-544-6404
www.StennettCasino.com

Tebelius said that in November, singer and actress Bette Midler was awarded $400,000 in damages from the ad agency that used an ex-Midler backup singer to mimic her voice.

ADS BY GOOGLE

**How To Patent Your Idea**
Get Free Patent Info & Book Today! We Can Help Your Patent Succeed.
MatchProduct.com/Patents

**File Your DBA Online**
Get Your DBA Now - 3 Easy Steps. Free Questionnaire. No Obligation.
LegalZoom.com

Email   Print   Digg   Twitter   Facebook   StumbleUpon   Share

**FEATURED**


Taking the bang out of pressure cooking


Russians are leaving the country in droves


The TOPS weight-loss program shows modest success for those who stick with the program

**MORE:**

Ed 'Big Daddy' Roth, creator of Rat Fink: A son remembers

Donald Trump breaks with GOP, changes party registration

Los Angeles Times   Copyright 2012 Los Angeles Times   | Privacy Policy | Terms of Service

Index by Keyword | Index by Date