Larry Zerner (SBN 155473)
ZernerLaw
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   (310) 773-3623
Facsimile:   (310) 388-5624

Attorney for Defendant Mark Towle,
An individual and d/b/a Gotham Garage

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DC Comics,<br><br>                    Plaintiff,<br><br>       v.<br><br>Mark Towle, an individual and d/b/a Gotham Garage, and Does 1 – 10, inclusive,<br><br>                    Defendants. | Case No. CV11-3934 RSWL (OPx)<br><br>REPLY BRIEF RE MOTION TO DISMISS CLAIM OF COPYRIGHT INFRINGEMENT PURSUANT TO FRCP 12(b)(6).<br><br>HEARING DATE: January 25, 2012<br>TIME: 10:00 a.m.<br>COURTROOM 21<br><br>BEFORE THE HONORABLE RONALD S.W. LEW |

## I.   INTRODUCTION

Plaintiff's argument in its' Opposition to the Motion to Dismiss is that it must own the copyright to the Batmobile simply because it says so, despite the fact that automobiles are not, and never have been, copyrightable.  What Plaintiff does not want the court to do is to actually look at the automobiles in question or the comic books that allegedly give Plaintiff copyright in those automobiles.  Plaintiff is aware that even a perfunctory glance at the photographs of the Batmobiles show that there is no possible claim for copyright in those designs.  While Complaints are supposed

to be read broadly, the court is not supposed to simply stick its head in the sand and accept Plaintiff at its word, when the allegations set forth in the complaint with regard to copyright infringement are clearly without merit.

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF MATTERS NOT SUBJECT TO REASONABLE DISPUTE

Plaintiff takes great pains to try to prevent this court from reviewing the evidence presented in the Request for Judicial Notice.  Plaintiff claims that the Court may only look at the first amended complaint and may not consider any outside material.  This is an incorrect statement of the law.  "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute."  *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. Cal. 2007) *quoting Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. Cal. 2001).

All of the items in Defendant's Request for Judicial Notice are matters of public record and are not subject to reasonable dispute.  The court can certainly take judicial notice of the copyright certificates and the design patent registrations for the Batmobiles.  By reviewing the designs of the Batmobiles, the Court can satisfy itself that there are no separately copyrightable elements.  They are just cars, and, like all cars, not copyrightable.

The Court may also certainly take judicial notice of the photographs of the Batmobiles.  First, the Court is in possession of the design patents, so it may simply

Reply Brief re Motion to Dismiss

compare the photographs to the design patents, to satisfy itself that the cars themselves are based on the design patents.  Second, as Plaintiff alleges in the complaint how successful the Batman movies, comic book and franchise are, the look of the Batmobiles are clearly matters which are generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Finally, with regard to the comic books  – these are the comic books which are specifically identified in Exhibit A to the First Amended Complaint as the basis for Plaintiff's claim that it owns the underlying copyright to the Batmobile.  As they are mentioned in the complaint, the court may consider them in ruling on the motion to dismiss. A glance at the comic books easily shows not only that the design of the Batmobile in those comics does not look like the Batmobile that appeared in the television show, but that there is nothing in the Batmobile design that could be copyrightable.

The court should also note that in its' Opposition, Plaintiff attempts to introduce as evidence a purported contract between George Barris (designer of the 1966 Batmobile) and Twentieth Century Fox (Opposition, p. 6 fn.4).  Plaintiff does not attach a copy of this contract, but directs the Court to visit the website www.1966Batmobile.com to review the text. Since Plaintiff treats the 1966Batmobile.com website as a place where the court may take judicial notice of

Reply Brief re Motion to Dismiss

outside facts, Plaintiff certainly could not object if the court reviewed the hundreds of photographs of the 1966 Batmobile at the website.[1]

### III. IT IS IRRELEVANT WHETHER PLAINTIFF OWNS OTHER RIGHTS TO THE BATMAN CHARACTERS

Plaintiff's next argument is that since it owns various rights to the Batman characters, it must necessarily own the copyright to the Batmobile.  But this is a logical fallacy.  In this motion, Towle is not disputing Plaintiff's copyright to the Batman, Joker, Riddler, Catwoman or Penguin.  Nor is Towle claiming that Plaintiff does not own the copyright in the comic books themselves.  But copyright is created by statute, and the Copyright Act specifically excludes protection for useful articles such as automobiles.  It does not matter how famous the car is, or that a version of the car may have appeared in a comic book.  As long as Mr. Towle is copying an automobile design (which is all he is accused of doing), he is not violating the Copyright Act and cannot be sued for copyright infringement.

### IV. PLAINTIFF DOES NOT ALLEGE INFRINGEMENT OF SEPARATELY COPYRIGHTABLE DESIGN ELEMENTS

Plaintiff claims that the Motion to Dismiss should be denied because Defendant ignored the issue of separability of non-functional artistic elements of the Batmobile. First, this is incorrect, the Motion to Dismiss specifically states that a review of the

---

[1] The court can also review the photographs of the 1955 Lincoln Futura which George Barris used as the basis for the 1966 Batmobile.

Reply Brief re Motion to Dismiss

Batmobiles shows that there is nothing in them that would be considered severable. To constitute a severable part of the automobile, Plaintiff would have to show that there is some element of the cars that can be identified separately from the car design itself.  See, H.Rep.No. 1476, 94th Cong., 2d Sess. 55 (1976), U.S. Code Cong. & Admin. News 1976, p. 5668.  Plaintiff has not done so and cannot do so.[2]

Furthermore, Plaintiff's reliance on *Halicki Films, LLC v. Sanderson Sales & Mktg.,* 547 F.3d 1213, 1224-25 (9th Cir. 2008) to support its position that the car is copyrightable is misplaced.  Halicki did not deal with whether a portion of the car was severable.  In *Halicki*, the question for the court was whether the car itself could be protected when portrayed in a film as a character. *Halicki* at 1224.  The court was not deciding whether the design of the car was copyrightable, but whether the characteristics of the car as portrayed in the film were protectable, much like the character of Rocky Balboa would be protected by copyright. *Id.*

Plaintiff then cites *Fabrica Inc., v. El Dorado Corp.,* 697 F.2d 890, 893 (9th Cir. 1983); and *Kikker 5150 v. Kikker 5150 United States, LLC,* 2004 U.S. Dist. Lexis 16859, at **26 (N.D. Cal. Aug 13, 2004)  for the proposition that the court may not decide whether or not a useful article contains protectable design elements on a motion to dismiss, because this is always a question of fact.  Plaintiff's reliance on these cases is misplaced.

---

[2] During the mandatory pre-motion meet and confer, Defendant's counsel asked Plaintiff's counsel to identify what portion of the cars it considered to be severable from the car itself and he was unable to do so.

In *Fabrica*, the Court of Appeal upheld the district court's granting a directed verdict to Defendant on Plaintiff's claim of copyright infringement on the grounds that the works at issue were useful articles and thus not copyrightable. There was no discussion in the case about a motion to dismiss, nor any language that would support Plaintiff's argument that deciding this fact on a motion to dismiss would be inappropriate. *Id.*

In the *Kikker* case, again the court did not rule that the question of separability is always a question of fact. The court stated that because the Plaintiff had specifically delineated elements of the design that were entirely non-functional, the question was "close" but that it should be decided by the trier of fact. *Id.* The clear inference from the court's decision is that had the question not been so "close" it would have ruled on the issue.

In this case, Plaintiff has not made a showing that any portion of the Batmobiles is non-utilitarian and severable from the design elements of the car. Without such a showing, this court may certainly dismiss Plaintiff's copyright claim.

V. <u>THE DESIGN PATENTS CONFIRM THAT DC DOES NOT OWN THE UNDERLYING COPYRIGHTS</u>

Plaintiff argues that the presence of a design patent does not automatically preclude separate copyright protection. Even if that is correct, the design patents show that the creators of the Batmobiles that were used in the 1966 TV show and the various motion pictures, were not DC artists, and that these designs did not originate

Reply Brief re Motion to Dismiss

in the comic books.  As Plaintiff admits, George Barris, who holds the design patent to the 1966 Batmobile, was hired by Twentieth Century Fox to design the Batmobile. (See, Opposition, p. 6, fn. 4). The 1966 Batmobile was not created by a comic book artist working for DC, but instead, by a custom car manufacturer.

But Plaintiff does not claim to have been assigned any copyright from George Barris, nor does it claim to hold the copyright to the television show.  The <u>only</u> pre-1966 copyrights Plaintiff contends were infringed by Towle were the copyrights in the comic books *Batman* 170 and *Detective* 337.  But the court may look at the Batmobile in those comics and easily see that they are not the same as the Batmobile in the television program. If Plaintiff wishes to claim copyright in the 1966 Batmobile it must identify which registration covers that copyright.  But clearly the registrations in those two comic books would not give Plaintiff a copyright in the 1966 Batmobile.

The same argument goes for the Batmobile in the 1989 *Batman* movie (designed by the film's production designer Anton Furst) and the Batmobile in the 1995 *Batman Forever* film (designed by the film's director Joel Schumacher and production designer Barbara Ling). None of these designs first appeared in a DC comic book.  They each were original to the motion picture.  Even if automobiles were copyrightable, because Plaintiff does not allege that it owns the copyright to these motion pictures, it has not stated a claim for infringement.

## VI.   <u>CONCLUSION</u>

Mr. Towle is in the business of making replica cars.  That is not something that he needs to be ashamed of.  There is nothing illegal about making a replica car once the design patent has expired. Congress intended this to be so when it specifically excluded automobile designs from copyright protection.

Plaintiff no doubt understands that automobiles are exempt from copyright protection, But Plaintiff wants to be able to control all aspects of the Batman universe regardless of the law.  So Plaintiff files meritless claims of copyright infringement against Mr. Towle and others, knowing that the great disparity of wealth between the two parties will make it very difficult for anyone to challenge their claim.

Mr. Towle must look to the Court to protect his right to sell a lawful product. The evidence before the court shows that the Batmobile is just a car.  Yes, it's a fancy car, and yes, it looks cool.  But so do Ferrari's and Maserati's, and Porsche's. The Batmobile does not gain special copyright protection because a version of it appeared in a comic book.

Further, the evidence shows that the Batmobile shown in the comic books, do not look like the Batmobile in the television program and that nothing in the design of the Batmobile in those comic books would grant Plaintiff an exception to the rule against the copyrightability of automobiles.

Reply Brief re Motion to Dismiss

Finally, the evidence in the public record shows that the Batmobiles that appeared in the 1966 television program and the motion pictures, were not created by Plaintiff, and were not copyrighted by Plaintiff.

Accordingly, Mr. Towle respectfully requests that the court grant his motion to dismiss the claim of copyright infringement.

Date: January 11, 2012                    Law Office of Larry Zerner

By: _____

Larry Zerner
Attorney for Plaintiff

Reply Brief re Motion to Dismiss