O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS<br><br>        Plaintiff,<br><br>  v.<br><br>MARK TOWLE, an individual and d/b/a Gotham Garage, and DOES 1-10, inclusive,<br><br>        Defendants. | CV 11-3934 RSWL (OPx)<br><br>**ORDER re: Defendant Mark Towle's Motion to Dismiss Claim of Copyright Infringement Pursuant to FRCP 12(b)(6) [15]** |

On January 25, 2012, Defendant Mark Towle's ("Defendant") Motion to Dismiss Claim of Copyright Infringement Pursuant to Federal Rule of Civil Procedure 12(b)(6) [15] came on for regular calendar before the Court.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

    As a preliminary matter, the Court hereby **GRANTS in Part and DENIES in Part** Defendant's Request for Judicial Notice.  The Court **GRANTS** Defendant's request

1 as it pertains to the copyright registration records
2 (Exhibits 4-9) and the design patents (Exhibits 12-14).
3 The Court finds that these documents are matters of
4 Public Record and appropriate for judicial notice
5 pursuant to Federal Rule of Evidence 201.  The Court
6 **DENIES** Defendant's Request as it pertains to the
7 photographs of the Batmobile (Exhibits 1-3) and the
8 excerpts from the Comic Books (Exhibits 10-11).  The
9 Court finds that the Complaint does not necessarily
10 rely on these items, nor are they matters of public
11 record.  <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 705-06
12 (9th Cir. 1998).
13     As to Defendant's Motion, the Court hereby **DENIES**
14 Defendant's Motion to Dismiss.  Under Federal Rule of
15 Civil Procedure 12(b)(6), a dismissal can be based on
16 the lack of cognizable legal theory or the lack of
17 sufficient facts alleged under a cognizable legal
18 theory.  Fed. R. Civ. P. 12(b)(6); <u>see also</u> <u>Balistreri</u>
19 <u>v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
20 1990).  A party need not, however, state the legal
21 basis for his claim, only the facts underlying it.
22 <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214,
23 1223 (9th Cir. 1990).
24     In the present motion, Defendant has moved the
25 Court to dismiss Plaintiff's copyright infringement
26 claim.  In its Complaint, Plaintiff alleges that
27 Defendant has been producing and selling unlicensed
28 replica vehicle modification kits based on vehicle

design copyrights from Plaintiff's Batman property, including various iterations of the fictional automobile, the Batmobile.

In order to establish a successful claim for copyright infringement, a plaintiff must establish the following: (1) plaintiff owns the copyright for the allegedly infringed material and (2) defendant violated at least one exclusive right granted to the copyright holder. 17 U.S.C § 501(a); <u>Perfect 10, Inc. v. Amazon.com, Inc.</u>, 508 F.3d 1146, 1159 (9th Cir. 2006). Here, the Court finds that the Complaint pleads enough facts to support both elements of a copyright infringement claim.

For the first element of copyright infringement, the Court finds that Plaintiff pleads sufficient facts to support the assertion that it owns the copyrights to the relevant Batmobiles in dispute. Plaintiff specifically pleads that it created the comic book character Batman and is in the business of licensing copyrights associated with Batman. FAC ¶¶ 6-7. Furthermore, the Complaint alleges that Plaintiff owns all "DC Comics Copyrighted Designs," which include the Batman characters and their associated Batmobile vehicles. FAC ¶ 11. Accordingly, because the Complaint specifically pleads that Plaintiff owns "DC Comics Copyright Designs," the Court can reasonably infer that Plaintiff owns the Copyright for the Batmobiles in dispute. As such, the Court finds that

Plaintiff has satisfied its pleading requirement for the first element of copyright infringement.

As to the second element, the Court finds that Plaintiff pleads sufficient facts to support the allegation that Defendant violated an exclusive right of Plaintiff's copyright ownership. Federal copyright law grants all copyright owners the exclusive rights to reproduce and distribute products based on the owners' copyrights. 17 U.S.C. § 106. In the Complaint, Plaintiff adequately alleges that Defendant infringed on Plaintiff's copyright by manufacturing, distributing, and selling automobiles bearing Plaintiff's copyrighted designs. FAC ¶ 25-26. In all, the Court finds that the Complaint pleads sufficient facts to support the two elements for Copyright Infringement and thus is not appropriately dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant argues that, regardless of the pleadings, the copyright infringement claim should be dismissed because the Batmobile and all its variations are not copyrightable objects as a matter of law. The Court finds, however, that Defendant's argument lacks merit. Defendant is correct that in general, the Copyright Act affords no protection to "useful articles" or items with an intrinsic utilitarian function such as automobiles. Leicester v. Warner Bros., 232 F.3d 1212, 1216-17 (9th Cir. 2000). Defendant's argument, however, ignores the exception to the "useful article"

1  rule, which grants copyright protection to non-
2  functional, artistic elements of an automobile design
3  that can be physically or conceptually separated from
4  the automobile. Id. at 1219, n.3. As the facts are
5  pled in the Complaint, the Court can make the
6  reasonable inference that there may be non-functional
7  artistic elements of the Batmobile that may possibly be
8  separated from the utilitarian aspect of the
9  automobile. Klarfeld, 944 F.2d at 585 (9th Cir.
10 1991)(holding that all reasonable inferences must be
11 drawn in favor of the non-moving party in a motion to
12 dismiss). As such, the Court finds that the Batmobile
13 and all of its relevant embodiments are not, as a
14 matter of law, excluded from copyright protection.
15     In sum, based on the foregoing reasons, the Court
16 hereby **DENIES** Defendant's Motion to Dismiss Claim of
17 Copyright Infringement Pursuant to Federal Rule of
18 Civil Procedure 12(b)(6).

20 **IT IS SO ORDERED.**
21 DATED: January 26, 2012

*RONALD S.W. LEW*

_____

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

5