UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-03934-RSWL (OPx) | Date | August 29, 2012 |
|---|---|---|---|
| Title | DC Comics v. Mark Towle, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | | |
|---|---|---|---|
| Maynor Galvez | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** IN CHAMBERS: DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES
(Link and Term ECF Nos. 36, 37 & 38)

# I.
# Proceedings

On August 14, 2012, Mark Towle, dba Gotham Garage, ("Defendant") filed a Motion to Compel Responses to Interrogatories, along with a supporting declaration and exhibits. (ECF No. 36.) On August 22, 2012, Defendant filed a Supplemental Memorandum in support of the Motion to Compel, along with a supporting declaration and exhibit. (ECF No. 37.) On August 22, 2012, DC Comics ("Plaintiff") filed a Supplemental Memorandum in opposition to the Motion to Compel. (ECF No. 38.)

The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. As a result, the Court vacates the hearing date set for September 5, 2012, at 9:30 a.m. For the reasons set forth below, the Court denies Defendant's Motion to Compel.

# II.
# Discussion

**A.    Discovery.**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Rule 26 provides in pertinent part that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03934-RSWL (OPx) | Date | August 29, 2012 |
|---|---|---|---|
| Title | DC Comics v. Mark Towle, et al. | | |

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Rule 33 of the Federal Rules of Civil Procedure governs requests for responses to interrogatories. The responding party must serve its answers and any objections to the interrogatories in writing within thirty days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2), (3). Any objections to the interrogatories must be stated with specificity, and any objection not stated in a timely manner is waived unless the court finds good cause to excuse to failure to timely respond. Fed. R. Civ. P. 33(b)(4).

Rule 37 allows for the filing of a motion to compel if a party fails to provide answers to interrogatories. Fed. R. Civ. P. 37(a)(3)(B). A failure to respond to an interrogatory is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). Sanctions in the form of attorney's fees must be imposed for failure to serve answers to interrogatories, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5), (d)(3).

Trial courts have broad discretion in granting or denying discovery. <u>Santos ex rel. Santos v. City of Culver City</u>, 228 Fed. App'x 655, 657 (9th Cir. 2007) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.") (citations omitted).

The discovery cut-off in this matter is November 27, 2012. (ECF No. 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-03934-RSWL (OPx) | Date | August 29, 2012 |
|---|---|---|---|
| Title | DC Comics v. Mark Towle, et al. | | |

**B.    Defendant's Motion to Compel (ECF No. 36).**

This case involves allegations that Defendant violated Plaintiff's copyright and trademark rights by, inter alia, selling full scale working replicas of the Batmobile from the 1960's television series starring Adam West ("1966 Batmobile") and the 1989 motion picture starring Michael Keaton ("1989 Batmobile").

Among Defendant's defenses to these claims is that: (1) the copyright act does not protect the design of an automobile, no matter how fanciful; and (2) even if copyright protection for these designs could be had, the designers of the 1966 Batmobile and the 1989 Batmobile were not employees of Plaintiff, nor did they ever assign the rights to any purported copyright in the vehicle design to Plaintiff.

Defendant served special interrogatories on Plaintiff seeking to determine who Plaintiff considers to be the designers of the 1966 Batmobile and the 1989 Batmobile.  The four interrogatories at issue in the Motion to Compel are as follows:

   1)    Interrogatory No. 5:  If you contend that the entirety of the 1966 Batmobile is protected by copyright, identify all persons who you contend were the designers of the 1966 Batmobile.
   2)    Interrogatory No. 7:  If you contend that the entirety of the 1966 Batmobile is protected by copyright, identify the first comic book in which the 1966 Batmobile appeared.
   3)    Interrogatory No. 9:  If you contend that the entirety of the 1989 Batmobile is protected by copyright, identify all persons who you contend were the designers of the 1989 Batmobile.
   4)    Interrogatory No. 11:  If you contend that the entirety of the 1989 Batmobile is protected by copyright, identify the first comic book in which the 1989 Batmobile appeared.

(ECF No. 36 at 7, 10, 12, 14.)

As to Interrogatory Nos. 5 and 9, Plaintiff responded as follows:

   Plaintiff objects to the interrogatory as vague and ambiguous, particularly as to the terms "entirety" and "designers."  Plaintiff also objects to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03934-RSWL (OPx) | Date | August 29, 2012 |
|---|---|---|---|
| Title | DC Comics v. Mark Towle, et al. | | |

> interrogatory as overbroad and unduly burdensome in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

As to Interrogatory Nos. 7 and 11, Plaintiff responded as follows:

> Plaintiff objects to the interrogatory as vague and ambiguous, particularly as to the term "entirety." Plaintiff also objects to the interrogatory to the extent it seeks information which is publicly available.

Plaintiff contends that the all four interrogatories turn on the use of the word "entirety" in the context of the copyright claim. Further, the appropriate standard in the copyright context is that of "overall concept and design" or "look and feel" of the copyrighted works. See Sturdza v. United Arab Emirates, 281 F.3d 1287, 1296 (D.D.C. 2002) (citing Boisson v. Banian, Ltd., 273 F.3d 262, 272 (2d Cir. 2001) (must compare "overall look and feel" of works as "protectable expression may arise through the ways in which artists combine even unprotectible elements"); Atari, Inc. v. North Am. Philips Consumer Elecs. Corp., 672 F.2d 607, 619-20 (7th Cir. 1982).

Plaintiff does not contend that the "entirety" of the vehicles are protected and has so informed Defendant. Rather, Plaintiff contends that the overall concept, design, and appearance of the vehicles are protected by copyright. In that regard, Plaintiff has identified the designers, including George Barris and Anton Furst, who contributed to the overall selection, arrangement, and composition of the vehicles. Plaintiff has also identified certain fanciful features of the vehicles and supporting copyrighted works that are at issue in this litigation. To the extent Defendant seeks a response to whether Plaintiff is asserting a copyright in each and every aspect of the vehicles, including aspects over which no claim is asserted, Plaintiff contends that it has answered the interrogatories to the best of its ability. Plaintiff has also produced all documents it has been able to locate regarding agreements assigning to Plaintiff the creative work of those designers. Thus, Plaintiff contends that the Motion to Compel should be denied.

The Court finds Plaintiff's contentions to be persuasive. Further, Defendant has not established that further responses to the aforementioned interrogatories are warranted.
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03934-RSWL (OPx) | Date | August 29, 2012 |
|---|---|---|---|
| Title | DC Comics v. Mark Towle, et al. | | |

# III.
# Conclusion

Based on the foregoing, the Court denies Defendant's Motion to Compel and request for sanctions. (ECF No. 36.)

**IT IS SO ORDERED.**

cc: Service via Notice of Electronic Filing (NEF)

Initials of deputy clerk: jh-relief