# EXHIBIT I

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


DC COMICS

      Plaintiff

                          Case No.
  -vs-                  CV11-3934 RSWL (OPx)

MARK TOWLE, an individual and
dba GOTHAM GARAGE, and DOES
1 through 10, inclusive

      Defendants



* * * * * * * * * * * * * * * * * * * * * * * * * * * *

D E P O S I T I O N   O F

KORY GEICK

NOVEMBER 21, 2012

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

APPEARANCES:

      J. ANDREW COOMBS, PC
      Glendale, California
      BY:  J. ANDREW COOMBS, ESQ.

          Counsel on behalf of the Plaintiff


      LAW OFFICE OF LARRY ZERNER
      Los Angeles, California
      BY:  LARRY ZERNER, ESQ. (by telephone)

          Counsel on behalf of the Defendants

      MAY & JOHNSON, ESQS.
      Sioux Falls, South Dakota
      BY:  ERIC D. DENURE, ESQ.

          Counsel on behalf of the witness

EXHIBIT I

Page 25

1       Q    Did you make that entry?

2       A    I don't recall.

3       Q    You don't know one way or the other as you sit here

4    today?

5       A    No.  I -- do you know how old that is?

6       Q    Did you ever make entries like that on this blog or

7    other blogs?

8       A    I don't recall.  I -- I --

9       Q    Well, let me show you --

10      A    Uh-huh.

11      Q    -- an eBay listing previously marked as Exhibit 12.

12      A    Oh, sure.

13      Q    I don't think you need to read the whole thing.

14    Just review it to familiarize yourself with it.

15      A    Sure.

16           MR. DENURE:  Well, review the document before

17           we answer any questions about the exhibit.

18           THE WITNESS:  Okay.  Okay.

19    BY MR. COOMBS:

20      Q    Have you ever seen that eBay listing before?

21      A    Yes.

22      Q    Do you know who the eBay user who posted this

23    listing is, that is, candles7070?

24      A    Uh-huh.

25      Q    Who is it?

EXHIBIT I

Page 26

1          MR. DENURE:  You have to give a yes or a no

2     answer.

3          THE WITNESS:  Oh, I'm sorry.  What did I say?

4          MR. DENURE:  Uh-huh.

5          THE WITNESS:  I'm sorry.  Sorry about that.

6     Yes.

7     BY MR. COOMBS:

8     Q    And who is it?

9     A    My wife.

10    Q    What's her full name?

11    A    Candy.

12    Q    Geick?

13    A    Geick.

14    Q    And you were married at the time this listing was

15    posted?

16    A    Yes.

17    Q    And you are still married?

18    A    Yes.

19    Q    And did she have communications with customers of --

20    A    No.

21         MR. DENURE:  Just let him finish.

22         THE WITNESS:  Oh, I'm sorry.  I'm sorry.

23    BY MR. COOMBS:

24    Q    Did she have communications with customers of Mark

25    Towle for replica Batmobiles?

EXHIBIT I

Page 27

1        A    No.

2        Q    Now, if you turn to the second page of this

3    listing --

4        A    Uh-huh.

5        Q    Actually, before we do that --

6        A    Sure.

7        Q    -- who wrote the text that appears at the bottom of

8    page 1 and on page 2?

9        A    Truthfully, Mark Towle.

10       Q    And he supplied it to your wife?

11       A    No.  I did.

12       Q    And so you had an opportunity to review it before it

13   was posted on eBay?

14       A    I didn't really look.

15       Q    At the bottom of page 2, you will see a line that

16   says, If you have any questions, please call our Batmobile

17   advisor, Kory, at a certain phone number or do a search.

18       A    Sure.

19       Q    Do you see that?

20       A    Yeah.

21       Q    And was it your expectation that people would be

22   calling you should they have questions concerning the offer

23   indicated by this Exhibit 12?

24       A    No.

25       Q    Why not?

EXHIBIT I

Page 28

```
 1          A     They would call me to be transferred over to Mark
 2     Towle.  I don't do this.
 3          Q     Did you get any calls?
 4          A     Yes.
 5          Q     How many calls did you get?
 6          A     I don't recall.
 7          Q     Who supplied the photos that appeared as part of the
 8     listing?
 9          A     I don't know.
10          Q     Did you provide the photos?
11          A     I would -- Mark Towle.
12          Q     Mark Towle supplied you with the listings, which you
13     then turned over to your wife so she could put them on the
14     offer?
15          A     Mark Towle sent me the text.  The photos -- I don't
16     know.  I have no idea.  A, they are really small here, and, B,
17     it's all Mark Towle's stuff.  It has nothing to do with me.
18          Q     Now, the --
19                MR. ZERNER:  Andy, can you give me the number
20           on that, your production number on that exhibit?
21                MR. COOMBS:  It's DC Comics 488 and
22           following.
23                MR. ZERNER:  Okay.  Thank you.
24     BY MR. COOMBS:
25          Q     Do you have -- as I understand this listing, it's an
```

EXHIBIT I

Page 69

1                    C E R T I F I C A T E

2          STATE OF SOUTH DAKOTA   )

3                              :SS

4          COUNTY OF MINNEHAHA    )

5                    I, STACY L. WIEBESIEK, RPR, Notary Public in and

6          for the State of South Dakota, do hereby certify that the

7          deposition of KORY GEICK was by me reduced to machine

8          shorthand in the presence of the witness, afterwards

9          transcribed by me by means of computer, and that to the best

10         of my ability the foregoing is a true and correct transcript

11         of the deposition so given by him as aforesaid.

12                    I further certify that this deposition was taken

13         at the time and place specified in the foregoing caption.

14                    I further certify that I am not a relative,

15         counsel or attorney for either party, or otherwise interested

16         in the outcome of this action.

17                    IN WITNESS WHEREOF, I have hereunto set my hand

18         at Sioux Falls, South Dakota, on the 7th day of November,

19         2012.

20

21

22

23         _____
           STACY L. WIEBESIEK, RPR
           NOTARY PUBLIC
24
           My Commission expires December 21, 2013.
25

EXHIBIT I

# EXHIBIT J

Larry Zerner (SBN 155473)
ZernerLaw
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  (310) 773-3623

Attorney for Defendant Mark Towle,
An individual and d/b/a Gotham Garage

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics, | ) Case No. CV11-3934 RSWL (OPx) |
| Plaintiff, | ) RESPONSES TO SPECIAL ) INTERROGATORIES FROM DC ) COMICS |
| v. | ) |
| Mark Towle, an individual and d/b/a Gotham Garage, and Does 1 – 10, inclusive, | ) ) ) |
| Defendants. | ) ) |

PROPOUNDING PARTY:      DC Comics

RESPONDING PARTY:       Mark Towle

SET NUMBER:             One

<u>Interrogatory No. 1:</u> What ownership interests have YOU held in any business for profit, at any time since 2008?

<u>Response to Interrogatory No. 1:</u>

       None.

<u>Interrogatory No. 2:</u>  IDENTIFY by date, caption and current status of any and all civil lawsuits brought by any third party against YOU alleging infringement of trademark or copyright.

- 1 –<br>EXHIBIT J

Special Interrogatories to DC Comics

Response to Interrogatory No. 2:

None.

Interrogatory No. 3: IDENTIFY by name all items sold by YOU at any time since 2008 to the present that incorporate at least any of the TRADEMARKS.

Response to Interrogatory No. 3:

Responding Party objects to this request on the grounds that this interrogatory assumes that Plaintiff owns these trademarks and that the use of these marks on the replica automobiles violate Plaintiff's trademark rights. Notwithstanding the current objection, and in no way admitting or implying that Responding Party has infringed Plaintiff's trademark rights, Responding Party responds as follows:  From 2008 to the present, I have sold two replicas of the 1966 Batmobile, one replica of the 1989 Batmobile and one kit to build a replica of the 1989 Batmobile.

Interrogatory No. 4: IDENTIFY by name all items sold by YOU at any time since 2008 to the present that incorporate any of the COPYRIGHTS.

Response to Interrogatory No. 4:

Responding Party objects to this request on the grounds that the term COPYRIGHTS is vague, ambiguous and overbroad.  Responding Party further objects to this request on the grounds that this interrogatory assumes that Plaintiff owns these copyrights and that the sale or manufacture of replica automobiles violate Plaintiff's copyright.  Notwithstanding the current objection, and in no way admitting or implying that Responding Party has infringed Plaintiff's copyright,  and limiting the term COPYRIGHT to mean either the 1966 Batmobile or the 1989 Batmobile, Responding Party responds as follows: From 2008 to the present, I have sold two replicas of the 1966 Batmobile, one replica of the 1989 Batmobile and one kit to build a replica of the 1989 Batmobile.

Interrogatory No. 5:   IDENTIFY YOUR source(s) of the DISPUTED PRODUCTS.

- 2 -                    Response to Special Interrogatories from DC Comics

Response to Interrogatory No. 5:

Responding Party objects to this request on the grounds that the term DISPUTED PRODUCTS is vague, ambiguous and overbroad.  Responding Party further objects on the grounds that the request is unclear as to what Plaintiff means by the term "Source."  Notwithstanding the current objection, Responding Party responds as follows:  I manufacture the replica Batmobiles so I would be the source.

Interrogatory No. 6:   State the total number of replicas of the 1969 BATMOBILE manufactured by YOU since 2008 to the present.

Response to Interrogatory No. 6:

Two replicas (assuming you meant 1966 Batmobile in the Interrogatory).

Interrogatory No. 7:  State the total number of replicas of the 1989 BATOMBILE manufactured by YOU since 2008 to the present.

Response to Interrogatory No. 7:

One replica.

Interrogatory No. 8: IDENTIFY all individuals who purchased a 1969 BATMOBILE from YOU.

Response to Interrogatory No. 8:

Responding Party objects to this request on the grounds that it calls for information outside the statute of limitations.  Notwithstanding the current objection, and limiting the response to 2008 to the present, and assuming that 1969 Batmobile means 1966 Replica Batmobile, Responding Party responds as follows:  Enrique Segarra,  Mexico City  Phone 55-63-35-60-56-11-36-91.

Seth Katz, 2 Thompson Lane, Andover, NJ 07821, Phone 973.663.3214

Interrogatory No. 9:  IDENTIFY all individuals who purchased a 1989 BATMOBILE from YOU.

- 3 -     Response to Special Interrogatories from DC Comics

EXHIBIT J

Response to Interrogatory No. 9:

Responding Party objects to this request on the grounds that it calls for information outside the statute of limitations.  Notwithstanding the current objection, and limiting the response to 2008 to the present, Responding Party responds as follows: Carl Zealer, 560 Cedar Run Black Lake OH, Phone, 614 975 5776.

Brian Boling, 1904 Starlight Dr., Marietta, GA  30062  Phone (770) 971-9461 (Car Kit only).

Interrogatory No. 10:  State the revenues received by YOU from the sale of the DISPUTED PRODUCTS at any time since 2008 to the present.

Response to Interrogatory No. 10:

Responding Party objects to this request on the grounds that the term DISPUTED PRODUCTS is vague, ambiguous and overbroad.  Limiting the term DISPUTED PRODUCTS to mean either the 1966 Batmobile or the 1989 Batmobile, Responding Party responds as follows:

I received $90,000 for one of the 1966 Replica Batmobiles and $80,000 for the other.  I received $88,500 for the 1989 Replica Batmobile and $5,500 for the car kit.

Interrogatory No. 11: DESCRIBE the methods by which YOU would complete any sale of the DISPUTED PRODUCTS from offer to shipment.

Response to Interrogatory No. 11:

Responding Party objects to this request on the grounds that the term DISPUTED PRODUCTS is vague, ambiguous and overbroad.  Limiting the term DISPUTED PRODUCTS to mean either the 1966 Batmobile or the 1989 Batmobile, Responding Party responds as follows:

I would speak to the potential buyer  send him a contract , revise the contract with changes, sign and email contract to buyer.  The buyer then made

- 4 -                    Response to Special Interrogatories from DC Comics

EXHIBIT J

payments per agreement and I would prepare the vehicle and deliver it at my shop. The buyer took responsibility for delivery from there.

Interrogatory No. 12:  IDENTIFY all third parties who worked with YOU in the manufacture or sale of DISPUTED PRODUCTS.

Response to Interrogatory No. 12:

Responding Party objects to this request on the grounds that the term DISPUTED PRODUCTS is vague, ambiguous and overbroad.  Limiting the term DISPUTED PRODUCTS to mean either the 1966 Batmobile or the 1989 Batmobile, Responding Party responds as follows:  No one.

Interrogatory No. 13:  IDENTIFY the name, address and telephone number of any and all individuals assisting in answering these interrogatories.

Response to Interrogatory No. 13:

Larry Zerner, Counsel for Defendant.

Interrogatory No. 14:  If any response to any Request for Admission propounded currently with these Interrogatories is anything different from an unqualified admission, please state all facts supporting that response.

Response to Interrogatory No. 14:

Responding Party objects to this request on the grounds that an answer would take Responding Party over the limit of 25 interrogatories.

Dated: July 2, 2012          Law Office of Larry Zerner

By: _____
    Larry Zerner
    Attorneys for Defendant

- 5 -          Response to Special Interrogatories from DC Comics

EXHIBIT J

## VERIFICATION

I, Mark Towle, have read the foregoing Response to Special Interrogatories and know the contents.

I declare under penalty of perjury under the laws of the United States that the that the information contained in the responses is true and correct.

Mark Towle

Response to Special Interrogatories from DC Comics

EXHIBIT J

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

On July 2, 2012 I served the foregoing documents described as:

RESPONSES TO SPECIAL INTERROGATORIES FROM DC COMICS

Said document was served on the interested party(ies) in this action as follows:

J. Andrew Coombs *andy@coombspc.com*
Nicole L. Drey  *nicole@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

_____BY MAIL:  I am readily familiar with the practices of this business for collection and processing of mail, and I declare that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit regarding proof of service.

__X___BY ELECTRONIC MAIL:  The above-referenced document was transmitted in "pdf" format by electronic ("e-mail") to each of the email addresses on the attached service list, and no errors were reported.

_____PERSONAL SERVICE:  I caused said envelope to be delivered to the offices of the addressee(s) marked with a ***.

Executed on July 2, 2012 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Larry Zerner

Larry Zerner (SBN 155473)
ZernerLaw
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   (310) 773-3623
Facsimile:    (310) 388-5624

Attorney for Defendant Mark Towle,
An individual and d/b/a Gotham Garage

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics, | Case No. CV11-3934 RSWL (OPx) |
| Plaintiff, | SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSIONS FROM DC COMICS |
| v. | |
| Mark Towle, an individual and d/b/a Gotham Garage, and Does 1 – 10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:   DC Comics

RESPONDING PARTY:    Mark Towle

SET NUMBER:          One

Request for Admission No. 1:

PLAINTIFF owns valid and effective copyright registrations for the copyrights listed in Exhibit A attached hereto.

Response to Request for Admission No. 1:

Defendant has made a reasonable inquiry and does not have sufficient information on which to admit and deny this request and on that basis DENIES.

Request for Admission No. 2:

- 1 -

Requests for Admissions to DC Comics

EXHIBIT J

PLAINTIFF owns the copyright to the 1966 BATMOBILE.

Response to Request for Admission No. 2:

Deny

Request for Admission No. 3:

The 1966 BATMOBILE has separable, artistic, nonfunctional elements that are the subject of copyright.

Response to Request for Admission No. 3:

Deny

Request for Admission No. 4:

PLAINTIFF owns the exclusive rights to reproduce, distribute or license the 1966 BATMOBILE.

Response to Request for Admission No. 4:

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Notwithstanding the foregoing objection, Responding Party responds as follows: DENY.

Request for Admission No. 5:

PLAINTIFF owns the copyright to the 1989 BATMOBILE.

Response to Request for Admission No. 5:

Deny

Request for Admission No. 6:

The 1989 BATMOBILE has separable, artistic, nonfunctional elements that are the subject of copyright.

Response to Request for Admission No. 6:

Deny

Request for Admission No. 7:

PLAINTIFF owns the exclusive rights to reproduce, distribute or license the 1989 BATMOBILE.

- 2 -                    Supplemental Response to Requests for Admissions
to DC Comics

Response to Request for Admission No. 7:

  Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Notwithstanding the foregoing objection, Responding Party responds as follows: DENY

Request for Admission No. 8:

  PLAINTIFF owns valid and effective trademark registrations for the trademarks listed in Exhibit B attached hereto.

Response to Request for Admission No. 8:

  Defendant has made a reasonable inquiry and does not have sufficient information on which to admit and deny this request and on that basis DENIES.

Request for Admission No. 9:

  PLAINTIFF owns the trademark "Batmobile" for the manufacture or customization of automobiles.

Response to Request for Admission No. 9:

  Deny

Request for Admission No. 10:

  PLAINTIFF owns the trademark for the "Bat Emblem" for the manufacture or customization of automobiles.

Response to Request for Admission No. 10:

  Responding Party objects to this request on the grounds that the term "Bat Emblem" is undefined. Defendant has made a reasonable inquiry and does not have sufficient information on which to admit and deny this request and on that basis DENIES.

Request for Admission No. 11:

  PLAINTIFF owns the exclusive rights to reproduce, distribute or license the reproduction and distribution of products bearing any of the TRADEMARKS in the United States.

- 3 -   Supplemental Response to Requests for Admissions
to DC Comics

EXHIBIT J

**Response to Request for Admission No. 11:**

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Notwithstanding the objection, Defendant has made a reasonable inquiry and does not have sufficient information on which to admit and deny this request and on that basis DENIES.

**Request for Admission No. 12:**

YOU manufactured replicas of the 1966 BATMOBILE.

**Response to Request for Admission No. 12:**

Admit.

**Request for Admission No. 13:**

YOU manufactured replicas of the 1989 BATMOBILE.

**Response to Request for Admission No. 13:**

Admit.

**Request for Admission No. 14:**

YOU customized automobiles into the 1966 BATMOBILE.

**Response to Request for Admission No. 14:**

To the extent that this request is asking whether Responding Party customized automobiles into a replica of the 1966 Batmobiles: Admit.

**Request for Admission No. 15:**

YOU customized automobiles into the 1989 BATMOBILE.

**Response to Request for Admission No. 15:**

To the extent that this request is asking whether Responding Party customized automobiles into a replica of the 1989 Batmobiles: Admit

**Request for Admission No. 16:**

YOU manufactured automobiles which YOU sold as "Batmobiles."

**Response to Request for Admission No. 16:**

Deny.

- 4 -

Request for Admission No. 17:

YOU customized automobiles which YOU sold as "Batmobiles."

Response to Request for Admission No. 17:

Deny.

Request for Admission No. 18:

YOU advertised, offered for sale and/or sold replicas of the 1966 BATMOBILE.

Response to Request for Admission No. 18:

Admit.

Request for Admission No. 19:

YOU advertised, offered for sale and/or sold replicas of the 1989 BATMOBILE.

Response to Request for Admission No. 19:

Admit.

Request for Admission No. 20:

YOU advertised, offered for sale and/or sold DISPUTED PRODUCTS.

Response to Request for Admission No. 20:

Admit.

Request for Admission No. 21:

YOU used the COPYRIGHTS on your website located at www.gothamgarage.net.

Response to Request for Admission No. 21:

Defendant has made a reasonable inquiry and does not have sufficient information on which to admit and deny this request and on that basis DENIES.

Request for Admission No. 22:

YOU used the TRADEMARKS on your website located at www.gothamgarage.net.

- 5 -

Supplemental Response to Requests for Admissions to DC Comics

EXHIBIT J

Response to Request for Admission No. 22:

Responding Party objects to this request on the grounds that the term "TRADEMARKS" is vague, ambiguous and overbroad in that it apparently refers to every single item owned by Plaintiff yet Defendant is not in possession of these documents and cannot make a determination.  Furthermore, the term "used" is ambiguous in that it implies that every use of a word that is also a trademark claimed by Plaintiff is a trademark "use" or a possible trademark violation.  Notwithstanding the foregoing objection, Responding party responds as follows: There have been words on my website that are also words that Plaintiff may claim some trademark rights to, but I did not use those words in a way that would constitute a trademark use.

Request for Admission No. 23:

YOU customized automobiles with the "Bat Emblem."

Response to Request for Admission No. 23:

To the extent that "Bat Emblem" is defined as an outline drawing of a bat enclosed in an oval as seen on trademark registrations Nos. 1581659, 1581725 and 1581593, responding party responds as follows: Deny.

Request for Admission No. 24:

YOU did not have permission from PLAINTIFF to manufacture replicas of the 1966 BATMOBILE.

Response to Request for Admission No. 24:

Responding Party objects to this request to the extent that it implies that he was required to ask permission from Plaintiff to manufacture replicas of the 1966 BATMOBILE.  Notwithstanding the foregoing objection, Responding party responds as follows: Admit.

Request for Admission No. 25:

- 6 -

Supplemental Response to Requests for Admissions to DC Comics

1    YOU did not have permission from PLAINTIFF to manufacture replicas of

2    the 1989 BATMOBILE.

3    Response to Request for Admission No. 25:

4    Responding Party objects to this request to the extent that it implies that he

5    was required to ask permission from Plaintiff to manufacture replicas of the 1989

6    BATMOBILE.  Notwithstanding the foregoing objection, Responding party

7    responds as follows: Admit.

8    Request for Admission No. 26:

9    YOU did not have permission to manufacture the DISPUTED PRODUCTS.

10   Response to Request for Admission No. 26:

11   Responding Party objects to this request to the extent that it implies that he

12   was required to ask permission from Plaintiff to manufacture the Disputed Products.

13   Notwithstanding the foregoing objection, Responding party responds as follows:

14   Admit.

15   Request for Admission No. 27:

16   YOU did not have permission from PLAINTIFF to advertise, offer for sale or

17   sell the 1966 BATMOBILE.

18   Response to Request for Admission No. 27:

19   Responding Party objects to this request to the extent that it implies that he

20   was required to ask permission from Plaintiff to manufacture the Disputed Products.

21   Notwithstanding the foregoing objection, Responding party responds as follows:

22   Admit.

23   Request for Admission No. 28:

24   YOU did not have permission from PLAINTIFF to advertise, offer for sale or sell the

25   1989 BATMOBILE.

26   Response to Request for Admission No. 28:

27

28                              - 7 -                Supplemental Response to Requests for Admissions
                                                                                   to DC Comics

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Responding Party further objects to this request to the extent that it implies that he was required to ask permission from Plaintiff to sell a replica of a 1989 BATMOBILE. Notwithstanding the foregoing objection, Responding party responds as follows: Admit.

Request for Admission No. 29:

YOU did not have permission from PLAINTIFF to advertise, offer for sale or sell any of the DISPUTED PRODUCTS.

Response to Request for Admission No. 29:

Responding Party objects to this request to the extent that it implies that he was required to ask permission from Plaintiff to advertise, offer for sale or sell any of the Disputed Products.  Notwithstanding the foregoing objection, Responding party responds as follows: Admit.

Request for Admission No. 30a:

YOUR manufacture of the 1966 BATMOBILE infringed PLAINTIFF's exclusive rights in its copyrights.

Response to Request for Admission No. 30a:

Deny.

Request for Admission No. 30b:

YOUR manufacture of the 1989 BATMOBILE infringed PLAINTIFF's exclusive rights in its copyrights.

Response to Request for Admission No. 30b :

Deny.

Request for Admission No. 31:

YOUR manufacture of the DISPUTED PRODUCTS infringed PLAINTIFF's exclusive rights in its copyrights.

Response to Request for Admission No. 31:

- 8 -

Supplemental Response to Requests for Admissions to DC Comics

Deny.

Request for Admission No. 32:

YOUR advertisement, offer for sale and/or sale of the 1966 BATMOBILE infringed PLAINTIFF's exclusive rights in its copyrights.

Response to Request for Admission No. 32:

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Notwithstanding the foregoing objection, Responding party responds as follows: Deny.

Request for Admission No. 33:

YOUR advertisement, offer for sale and/or sale of the 1989 BATMOBILE infringed PLAINTIFF's exclusive rights in its copyrights.

Response to Request for Admission No. 33:

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Notwithstanding the foregoing objection, Responding party responds as follows: Deny.

Request for Admission No. 34:

YOUR advertisement, offer for sale and/or sale of the DISPUTED PRODUCTS infringed PLAINTIFF's exclusive rights in its copyrights.

Response to Request for Admission No. 34:

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Notwithstanding the foregoing objection, Responding party responds as follows: Deny.

Request for Admission No. 35:

YOUR advertisement of the 1966 BATMOBILE infringed PLAINTIFF's exclusive rights in the TRADEMARKS.

Response to Request for Admission No. 35:

Deny.

Supplemental Response to Requests for Admissions to DC Comics

EXHIBIT J

Request for Admission No. 36:

YOUR advertisement of the 1989 BATMOBILE infringed PLAINTIFF's exclusive rights in the TRADEMARKS.

Response to Request for Admission No. 36:

Deny.

Request for Admission No. 37:

YOUR advertisement of the DISPUTED PRODUCTS infringed PLAINTIFF's exclusive rights in the TRADEMARKS.

Response to Request for Admission No. :

Deny.

Request for Admission No. 38:

YOUR offer for sale of the 1966 BATMOBILE infringed PLAINTIFF's exclusive rights in the TRADEMARKS.

Response to Request for Admission No. 38:

Deny

Request for Admission No. 39:

YOUR offer for sale of the 1989 BATMOBILE infringed PLAINTIFF's exclusive rights in the TRADEMARKS.

Response to Request for Admission No. 39:

Deny.

Request for Admission No. 40:

YOUR offer for sale of the DISPUTED PRODUCT infringed PLAINTIFF's exclusive rights in the TRADEMARKS.

Response to Request for Admission No. 40:

Deny.

Request for Admission No. 41:

- 10 -

Supplemental Response to Requests for Admissions to DC Comics

1  YOUR sale of the 1966 BATMOBILE infringed PLAINTIFF's exclusive

2  rights in the TRADEMARKS.

3  Response to Request for Admission No. 41:

4  Deny.

5  Request for Admission No. 42:

6  YOUR sale of the 1989 BATMOBILE infringed PLAINTIFF's exclusive

7  rights in the TRADEMARKS.

8  Response to Request for Admission No. 41:

9  Deny.

10  Request for Admission No. 43:

11  YOUR sale of the DISPUTED PRODUCTS infringed PLAINTIFF's

12  exclusive rights in the TRADEMARKS.

13  Response to Request for Admission No. 43:

14  Deny.

15  Request for Admission No. 44:

16  Prior to the filing of the COMPLAINT against YOU, YOU had knowledge

17  that the DISPUTED PRODUCTS constituted illegitimate products.

18  Response to Request for Admission No. 44:

19  Responding Party objects on the grounds that the term DISPUTED PRODUCTS is

20  so vague, ambiguous and overbroad such that Responding Party cannot determine

21  what products Plaintiff is asking about.  To the extent that the term DISPUTED

22  PRODUCTS refers solely to the 1966 Batmobile and the 1989 Batmobile, Defendant

23  responds as follows: Deny.

24  Request for Admission No. 45:

25  Prior to the filing of the COMPLAINT against YOU, YOU had knowledge

26  that the manufacture, distribution, sale and/or offer for sale of the DISPUTED

27  PRODUCTS constituted copyright infringement.

28

- 11 -         Supplemental Response to Requests for Admissions to DC Comics

Response to Request for Admission No. 45:

Responding party objects to this request on the grounds that it contains a compound, conjunctive, or disjunctive statement. Responding Party further objects on the grounds that the term DISPUTED PRODUCTS is so vague, ambiguous and overbroad such that Responding Party cannot determine what products Plaintiff is asking about.  Notwithstanding the foregoing objection and to the extent that the term DISPUTED PRODUCTS refers solely to the 1966 Batmobile and the 1989 Batmobile, Defendant responds as follows: Deny.

Request for Admission No. 46:

Prior to the filing of the COMPLAINT against YOU, YOU had knowledge of PLAINTIFF's rights in the "Batmobile" trademark.

Response to Request for Admission No. 46:

Responding Party objects to this request in that the term "knowledge of PLAINTIFF's rights in the "Batmobile" trademark" is vague and ambiguous. Taking that term to mean that Plaintiff had the exclusive right to use the term Batmobile in conjunction with the sale or manufacturer of replica automobiles, Responding Party responds as follows: Deny.

Request for Admission No. 47:

Prior to the filing of the COMPLAINT against YOU, YOU had knowledge of PLAINTIFF's rights in the "Bat Emblem" trademark.

Response to Request for Admission No. :

Deny.

Request for Admission No. 48:

Prior to the filing of the COMPLAINT against YOU, YOU had knowledge that the manufacture, distribution, sale and/or offer for sale of DISPUTED PRODUCTS constituted trademark infringement.

Response to Request for Admission No. 48:

- 12 -

Supplemental Response to Requests for Admissions to DC Comics

1   Deny.

2   Request for Admission No. 49:

3       YOU earned a profit from the sale of DISPUTED PRODUCTS.

4   Response to Request for Admission No. 50:

5       Responding Party further objects on the grounds that the term DISPUTED

6   PRODUCTS is so vague, ambiguous and overbroad such that Responding Party

7   cannot determine what products Plaintiff is asking about.  To the extent that the term

8   DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile,

9   Responding Party responds as follows: Admit.

10      Request for Admission No. 50:

11      YOUR gross sales of the DISPUTED PRODUCTS exceeded $5,000,000.00

12  Response to Request for Admission No. 50:

13      Responding Party further objects on the grounds that the term DISPUTED

14  PRODUCTS is so vague, ambiguous and overbroad such that Responding Party

15  cannot determine what products Plaintiff is asking about.  To the extent that the term

16  DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile,

17  Responding Party responds as follows: Deny.

18  Request for Admission No. 51:

19      YOUR gross sales of the DISPUTED PRODUCTS exceeded $1,000,000.00.

20  Response to Request for Admission No. 51:

21      Responding Party further objects on the grounds that the term DISPUTED

22  PRODUCTS is so vague, ambiguous and overbroad such that Responding Party

23  cannot determine what products Plaintiff is asking about.  To the extent that the term

24  DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile,

25  Responding Party responds as follows: Deny.

26  Request for Admission No. 52:

27      YOUR gross sales of the DISPUTED PRODUCTS exceeded $500,000.00.

28

- 13 -          Supplemental Response to Requests for Admissions
                to DC Comics

Response to Request for Admission No. 52:

Responding Party further objects on the grounds that the term DISPUTED PRODUCTS is so vague, ambiguous and overbroad such that Responding Party cannot determine what products Plaintiff is asking about.  To the extent that the term DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile, Responding Party responds as follows: Deny.

Request for Admission No. 53:

YOUR gross sales of the DISPUTED PRODUCTS exceeded $100,000.00.

Response to Request for Admission No. 53:

Responding Party further objects on the grounds that the term DISPUTED PRODUCTS is so vague, ambiguous and overbroad such that Responding Party cannot determine what products Plaintiff is asking about.  To the extent that the term DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile, Responding Party responds as follows: Admit.

Request for Admission No. 54:

YOU earned a profit in excess of $1,000,000.00 from the sale of the DISPUTED PRODUCTS.

Response to Request for Admission No. 54:

Responding Party further objects on the grounds that the term DISPUTED PRODUCTS is so vague, ambiguous and overbroad such that Responding Party cannot determine what products Plaintiff is asking about.  To the extent that the term DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile, Responding Party responds as follows: Deny.

Request for Admission No. 55:

YOU earned a profit in excess of $500,000.00 from the sale of the DISPUTED PRODUCTS.

Response to Request for Admission No. 56:

- 14 -

Supplemental Response to Requests for Admissions to DC Comics

EXHIBIT J

1    Responding Party further objects on the grounds that the term DISPUTED

2    PRODUCTS is so vague, ambiguous and overbroad such that Responding Party

3    cannot determine what products Plaintiff is asking about.  To the extent that the term

4    DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile,

5    Responding Party responds as follows: Deny.

6    Request for Admission No. 56:

7    YOU earned a profit in excess of $100,000.00 from the sale of the DISPUTED

8    PRODUCTS.

9    Response to Request for Admission No. 56:

10    Responding Party further objects on the grounds that the term DISPUTED

11    PRODUCTS is so vague, ambiguous and overbroad such that Responding Party

12    cannot determine what products Plaintiff is asking about.  To the extent that the term

13    DISPUTED PRODUCTS means the 1966 Batmobile and the 1989 Batmobile,

14    Responding Party responds as follows: Admit.

15

16    Dated: August 20, 2012          Law Office of Larry Zerner

17

18    By: _____

19    Larry Zerner

    Attorneys for Defendant

20

21

22

23

24

25

26

27

28

- 15 -          Supplemental Response to Requests for Admissions
                                                to DC Comics

EXHIBIT J

## VERIFICATION

I, Mark Towle, have read the foregoing Response to Request for Admissions and know the contents.

I declare under penalty of perjury under the laws of the United States that the that the information contained in the responses is true and correct.

_____
Mark Towle

- 16 -                    Supplemental Response to Requests for Admissions
                                                              to DC Comics

EXHIBIT J

PROOF OF SERVICE

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

     On August 20, 2012 I served the foregoing documents described as:

SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS FROM DC COMICS

Said document was served on the interested party(ies) in this action as follows:

J. Andrew Coombs *andy@coombspc.com*
Nicole L. Drey  *nicole@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:   (818) 500-3201

_____BY MAIL:  I am readily familiar with the practices of this business for collection and processing of mail, and I declare that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit regarding proof of service.

__X___BY ELECTRONIC MAIL:  The above-referenced document was transmitted in "pdf" format by electronic ("e-mail") to each of the email addresses on the attached service list, and no errors were reported.

_____PERSONAL SERVICE:  I caused said envelope to be delivered to the offices of the addressee(s) marked with a ***.

     Executed on August 20, 2012 at Los Angeles, California.

     I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

_____
Larry Zerner

- 17 -     Supplemental Response to Requests for Admissions to DC Comics

EXHIBIT J