Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Mark Towle,
An individual and d/b/a Gotham Garage

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics,<br><br>              Plaintiff,<br><br>     v.<br><br>Mark Towle, an individual and d/b/a Gotham Garage, and Does 1 – 10, inclusive,<br><br>              Defendants. | Case No.: CV11-3934 RSWL (OPx)<br><br>Defendant's Statement of Genuine Issues in Opposition to Plaintiff's Motion for Partial Summary Judgment<br><br>Date: January 30, 2013<br>Time: 10:00 a.m.<br>Courtroom: 3<br><br>Trial Date: March 26, 2013<br>Pre-Trial Conference: March 12, 2013<br>Discovery Cut-Off: November 27, 2012 |

Defendant Mark Towle submits this statement of genuine issues pursuant to Central District of California Local Rule 56-2 in opposition to the motion for summary judgment herein filed by Plaintiff, Facts 1 through 56 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted

Defendant's Separate Statement of Controverted

Facts

Facts filed by the moving party. These facts are followed by additional material facts and supporting evidence showing a genuine issue.

| Uncontroverted Facts | Evidence |
|---|---|
| 1. DC Comics is a New York General Partnership consisting of E.C. Publications, Inc. and Warner Communications Inc., having its principal place of business in New York, New York. | Undisputed. |
| 2. DC Comics is the successor-in-interest to Detective Comics, Inc., National Comics Publications, Inc., National Periodical Publications, Inc. and DC Comics Inc. (DC Comics, National Periodical Publications, Inc. and DC Comics Inc. are individually and collectively referred to hereafter as "DC Comics.") | Undisputed. |
| 3. DC Comics is engaged in the business of publishing comic magazines and is among the most well-known and successful publishers of comic magazines in the world. | Undisputed. |
| 4. One of DC Comics' most famous and popular characters is BATMAN. | Undisputed. |
| 5. BATMAN first appeared in the May 1939 issue of "Detective Comics." | Undisputed. |
| 6. BATMAN was created as a work for hire for DC Comics, and all right, title and interest in the BATMAN character and associated elements belong to DC Comics. | Disputed as to the Batmobile. See, Ex. 14 ¶7, Ex. 15 ¶15 |
| 7. BATMAN has appeared in numerous comic books, including "Batman" and "Detective Comics." | Undisputed. |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 8. Numerous related characters and other original and fanciful elements have since appeared in the BATMAN comic books as well, including, but not limited to, the BAT Emblem, the BAT REP II, and variations on the BAT Symbol. | Disputed.  No admissible evidence to support this fact. The Kogan Depo and declaration is not made on personal knowledge. Furthermore, it's only relevant if the <u>first</u> use of these symbols was in the comic books attached as Ex. A to First Amended Complaint. |
| 9. One famous identifiable element associated with BATMAN is a high-tech extraordinary automobile identified as the BATMOBILE. | Undisputed. |
| 10. The BATMOBILE was originally introduced in 1941 and has undergone many transformations over the years, including various versions in design and style ("Batmobile Vehicles"). | Undisputed. |

**Defendant's Separate Statement of Controverted Facts**

| | |
|---|---|
| 11. DC Comics, in its own right or as successor-in-interest, has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights of the various BATMAN characters and associated elements, Batmobile Vehicles, and all comic books in which any of the foregoing have appeared. | Disputed as to the Batmobile. Automobiles are not copyrightable. Ex. 14 ¶7 and Ex. 15 ¶15 say that Fox Greenway and Barris own the design rights to the Batmobile which was not based on a comic book design (Barris Depo 10:7-10). Barris testified that he owns the design of the 1966 Batmobile because he designed it and built it based on his own creation, not from somebody else's drawings (Barris Depo 29:1-8).<br><br>The 1989 Batmobile was designed by Anton Furst for Warner Brothers Productions, Ltd. There is no evidence that any of these design rights were assigned to DC. Ex. 24.<br><br>Objection to use of Kogan Depo – Not made on personal knowledge, hearsay. |
| 12. DC Comics is the owner of all copyright in and to the following: | |

Page 4

| a. *Detective Comics* #156 (Feb. 1950) (R 674652) b. *Batman* #164 (June 1964) (RE 575 202) c. *Detective Comics* #341 (July 1965) (RE 628 257) d. *World's Finest Comics* #154 (Dec. 1965) (RE 635 675) e. *Batman* #20 (Dec. 1943-1944) (R 509062) f. *Batman* #170 (Mar. 1965) (RE 628-242) g. *Batman* #5 (Spring 1941) (R 434644) h. *Batman: The Cult* (1988) (TX 2 521 679) i. *Batman* #408 (June 1987) (TX 2-046-861) j. Batman Returns Style Guide I (TXu 521-001) k. Batman Returns Style Guide II (TXu 513-455) | Undisputed but objection as to relevance.  Except for items f, j and k, none of the other comic books were identified in the First Amended Complaint and so are not at issue in this case. Also, the copyright to these works does not include the right to the pre-existing Batmobile design. |
|---|---|
| 13. In 1965, DC Comics contracted with American Broadcasting Company ("ABC") to license its BATMAN character and associated elements for use in a television series. | Undisputed. |
| 14. DC Comics reserved all copyright rights in and to the characters and elements depicted in the television series to be produced. | Disputed.  The cited language reserves DC's pre-existing merchandise rights.  Nothing in the agreement gives DC the rights to reproduce original elements created for the TV series. Ex. 15 ¶15 states that the design rights to the Batmobile belong to Fox, Greenway and Barris, not DC. Objection to Kogan Depo as hearsay. |

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 15. ABC then contracted with Greenway Productions, Inc. ("Greenway") and Twentieth Century-Fox Television, Inc. ("Fox") to produce the television series. | Disputed.  No evidence to support this contention.  Use of Kogan Depo is objectionable at Hearsay. Joint Stip at ¶7 and Ex. 14 do not support this statement. |

Defendant's Separate Statement of Controverted

Facts

16. Greenway and Fox have duly registered all episodes of the *Batman* television series with the U.S. Copyright Office, including:

a. *BATMAN* Series – *THE JOKER'S LAST LAUGH* Episode (PA 269 509)

b. *BATMAN* Series – *THE JOKER'S EPITAPH* Episode (PA 269 510)

c. *BATMAN* Series – *BATMAN STANDS PAT* Episode (PA 269 514)

d. *BATMAN* Series – *MARSHA'S SCHEME WITH DIAMONDS* Episode (PA 269 524)

e. BATMAN Series – MARSHA, QUEEN OF DIAMONDS Episode (PA 269 525)

f. BATMAN Series – FLOP GOES THE JOKER Episode (PA 269 533)

g. BATMAN Series – POP GOES THE JOKER Episode (PA 269 534)

h. BATMAN Series – PENGUIN SETS A TREND Episode (PA 269 535)

i. BATMAN Series – PENGUIN IS A GIRL'S BEST FRIEND Episode (PA 269 537)

j. BATMAN Series – I'LL BE A MUMMY'S UNCLE Episode (PA 269 543)

k. BATMAN Series – PENGUIN'S DISASTROUS END Episode (PA 269 544)

l. BATMAN Series – BATMAN SETS THE PACE Episode (PA 269 548)

m. BATMAN Series – WHEN THE RAT'S AWAY, THE MICE WILL PLAY Episode (PA 269 549)

n. BATMAN Series – THE LONDINIUM LARCENIES Episode (PA 269 550)

o. BATMAN Series – THE FOGGIEST NOTION Episode (PA 269 552)

p. BATMAN Series – BLOODY TOWER Episode (PA 269 553)

q. BATMAN Series – HOLY RAT RACE Episode (PA 269 555)

r. BATMAN Series – THE MINSTREL'S SHAKEDOWN Episode (PA 269 567)

s. BATMAN Series – BARBECUED BATMAN? Episode (PA 269 568)

Undisputed as to the fact that registrations exist but because they were not registered within 5 years of publication, they do not serve as prima facie evidence of the facts stated in the registration. All of the registrations were made in 1985 with a stated publication date of 1966 or 1967.

t. BATMAN Series – THE CONTAMINATED COWL Episode (PA 269 572)

u. BATMAN Series – THE MAD HATTER RUNS AFOUL Episode (PA 269 573)

v. BATMAN Series – THE JOKER GOES TO SCHOOL Episode (PA 269 574)

w. BATMAN Series – THE MEETS HIS MATCH, THE GRISLY GHOUL Episode (PA 269 575)

x. BATMAN Series – A RIDDLE A DAY KEEPS THE RIDDLER AWAY Episode (PA 269 577)

y. BATMAN Series – THE JOKER TRUMPS AN ACE Episode (PA 269 580)

z. BATMAN Series – THE THIRTEENTH HAT Episode (PA 269 581)

aa. BATMAN Series – TRUE OR FALSE FACE Episode (PA 269 582)

bb. BATMAN Series – WHILE GOTHAM CITY BURNS Episode (PA 269 603)

cc. BATMAN Series – GREEN ICE Episode (PA 269 604)

dd. BATMAN Series – THE JOKER'S HARD TIMES Episode (PA 269 606)

ee. BATMAN Series – THE ZODIAC CRIMES Episode (PA 269 607)

ff. BATMAN Series – MA PARKER Episode (PA 269 608)

gg. BATMAN Series – THE GREATEST MOTHER OF THEM ALL Episode (PA 269 609)

hh. BATMAN Series – BATMAN IS RILED Episode (PA 269 611)

ii. BATMAN Series – THE PURR-FECT CRIME Episode (PA 269 613)

jj. BATMAN Series – BETTER LUCK NEXT TIME Episode (PA 269 614)

kk. BATMAN Series – THE CURSE OF TUT Episode (PA 269 628)

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| ll. BATMAN Series – THE PHARAOH'S IN A RUT Episode (PA 269 629) <br> mm. BATMAN Series – ENTER BATGIRL, EXIT PENGUIN Episode (PA 269 631) <br> nn. BATMAN Series – THE JOKER IS WILD Episode (PA 269 637) <br> oo. BATMAN Series – THE BOOKWORK TURNS Episode (PA 269 638) <br> pp. BATMAN Series – NOT YET, HE AIN'T Episode (PA 269 641) <br> qq. BATMAN Series – TUT'S CASE IS SHUT Episode (PA 269 643) <br> rr. BATMAN Series – SMACK IN THE MIDDLE Episode (PA 269 648) <br> ss. BATMAN Series – THE DEVIL'S FINGERS Episode (PA 269 649) <br> tt. BATMAN Series – INSTANT FREEZE Episode (PA 269 650) <br> uu. BATMAN Series – HI DIDDLE RIDDLE Episode (PA 269 659) <br> vv. BATMAN Series – THE SPELL OF TUT Episode (PA 269 660) <br> ww. BATMAN Series – THE PENGUIN GOES STRAIGHT Episode (PA 269 664) <br> xx. BATMAN Series – THE CAT AND THE FIDDLE Episode (PA 269 666) <br> yy. BATMAN Series – THE PENGUIN DECLINES Episode (PA 269 668) | |
| 17. One of the BATMAN-associated elements licensed to Greenway and Fox was a depiction of the Batmobile Vehicles to be featured in the 1966 television program ("the 1966 Batmobile"). | Disputed.  The cited evidence (Ex. 13)does not support this contention.  Also, Kogan's statement is not made on personal knowledge, is hearsay and is inadmissible. |

**Defendant's Separate Statement of Controverted**

**Facts**

| | |
|---|---|
| 18. The 1966 Batmobile was based on an evolution of the Batmobile Vehicles over the course of the comics. | Disputed.  Barris testified that he had never seen a comic book or drawing to look at and the 1966 Batmobile was entirely his design..  The 1966 Batmobile design is also based on the preexisting Lincoln Futura design.  Barris Depo 9:5-9, 10:7-18 and Ex. 501 thereto. |
| 19. Barris Kustom City ("Barris") manufactured the 1966 Batmobile and retained title to the original vehicle. | Undisputed. |
| 20. All copyright and trademark rights to the 1966 Batmobile were retained by DC Comics. | Disputed.  The documents show that the design rights to the 1966 Batmobile belong to Fox, Greenway and Barris Ex. 14 ¶7, Ex 15 ¶15. |
| 21. Certain elements of the Batmobile Vehicles which had appeared in the comic books were included in the design of the 1966 Batmobile. | Disputed.  Barris testified that he was given certain requirements to put in the car, but not that those requirements were previously in comic books Barris Depo 13:24-14:24.  In the cited Kogan depo testimony, he is unable to name which comic books these elements appeared in. |

Page 10

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 22. Certain specifications required for the 1966 Batmobile were outlined in the manufacturing agreement between Barris, Fox and Greenway. | Undisputed. |
| 23. All rights to those elements were retained by DC Comics. | Disputed. The agreement says that Barris, Fox and Greenway own the "design of Batmobile I resulting from the application of the required Batmobile features in and to [Barris's] proto-type Lincoln chassis." Ex. 14 ¶7, Ex. 15 ¶15. |

Defendant's Separate Statement of Controverted

Facts

a. The Switches and Hand-throttle knob for the Turbo-electric Drive.
b. The Bing-Bong Warning Bell and Bat-Light Flasher.
c. The Mobile Phone between the seats with Beeper and Flashing Light.
d. The Batscope, with TV-like Viewing Screen on the dash with control buttons and Radar-like Antenna with amiable parabolic Reflector outside, with cockpit controls.
e. Anti-theft System – Flashing Red Lights – Piercing Whistle – Little rockets built into tubes at the back of the cockpit that fire straight up with a fiery whoosh.
f. Anti-fire Control System – Flood of Foam from Secret Nozzle.
g. Turn-off switch for Protection Systems.
h. Radar-like screen that Beeps and Blips and points an arrow as it picks up Robin's directional signal.
i. Mechanics for Emergency Bat Turn – Red Lever so named on Dash – Reverse Thrust Rockets beneath headlights – Ejection Parachute Mechanism at rear.

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| j. Bat-Ray Projector Mechanism – Lever on Dash so named – Hood Hydrolic Projector Device. (With possibility of ray coming from Bat-Eyes). k. Portable Fire-Extinguisher. l. Receiver and Sender Computer to be installed in trunk of Batmobile. m. Bat Symbols on hubcaps. n. The color of the Batmobile and the Bat Symbols to be placed thereon shall be mutually agreed upon between [Barris] and [Fox and Greenway] prior to the completion of the Batmobile. o. Special luminescent paint to define Bat outline at night, the placement of which shall be mutually agreed upon between [Barris] and [Fox and Greenway] prior to the completion of the Batmobile. | |
| 24. DC Comics was granted exclusive merchandising rights to the BATMAN-related elements featured in the 1966 television program, including the 1966 Batmobile. | Disputed.  Ex. 13 says that DC retains certain rights (which would be the right to continue to sell Batmobiles from the comic books).  The Agreement does not grant DC the design rights to the 1966 Batmobile.  Those were retained by  Fox, Greenway and Barris Ex. 15, ¶15. |
| 25. In 1979, DC Comics granted use of its BATMAN properties to Batman Productions, Inc. for use in feature-length motion pictures. | Undisputed. |
| 26. These rights were subsequently assigned to Warner Bros. Inc. ("Warner Bros."). | Undisputed. |
| 27. Warner Bros. produced the first of many BATMAN films in 1989, entitled *Batman*. | Undisputed. |

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 28. Warner Bros. has duly registered the 1989 film *Batman* (PA 417 162) with the U.S. Copyright Office. | Undisputed. |
| 29. DC Comics' license for the use of its BATMAN properties included a license for a depiction of the Batmobile Vehicles to be featured in the 1989 motion picture ("the 1989 Batmobile"). | Disputed. Ex. 16 ¶4(b) does not say that. |
| 30. The 1989 Batmobile was based on, and was a derivative work of, an evolution of the Batmobile Vehicles over the course of the comics. | Disputed.  Anton Furst is the only named inventor of the 1989 Batmobile. Ex. 7. Kogan's testimony is hearsay and Kogan was unable to name a comic book that had a Batmobile that looked like the 1989 Batmobile. Kogan Depo 74:3-8 |
| 31. Anton Furst was hired to construct the 1989 Batmobile. | Undisputed. |
| 32. All copyright and trademark rights to the 1989 Batmobile were retained by DC Comics. | Disputed.  The cited evidence does not say that. Also, Kogan's deposition testimony is not made on personal knowledge and is hearsy. Smith's declaration is hearsay. |
| 33. Certain elements of the Batmobile Vehicles which had appeared in the comic books were included in the design of the 1989 Batmobile. | Disputed. The evidence is hearsay.  The designs in the comic books cited are not the same as the designs on the 1989 Batmobile. |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 34. Exclusive merchandising rights for all elements contained in the 1989 *Batman* film, including any new characters or elements, specifically including the 1989 Batmobile, were granted to DC Comics. | Disputed. Anton Furst's design rights (to the extent they are copyrightable) belong to Warner Brothers Productions, Ltd. and there is no evidence of any transfer of rights from Warner Brothers Productions, Ltd to DC. Ex. 20. |
| 35. DC Comics is the owner of various BATMAN related trademarks, including, but not limited to, BATMOBILE, the BAT Emblem, the BAT REP II, BATMAN, and various stylized variations of the BAT symbol (collectively "the DC Comics Trademarks"). | Undisputed. |
| 36. Since 1939, DC Comics, or its predecessor-in-interest, has continuously used in commerce the DC Comics Trademarks in connection with its comic books and merchandising as well as in connection with television programs and motion pictures produced under license. | Disputed. The evidence presented does not support the statement. Kogan's depo is not made on personal knowledge and is hearsay. |
| 37. Among the merchandise using the DC Comics Trademarks are toys, including figurines and automobiles, apparel, and household goods. | Undisputed. |
| 38. DC Comics also contracted with Barris to produce multiple replicas of the 1966 Batmobile, which featured the DC Comics Trademarks, and exhibit them throughout the world under the DC Comics Trademarks. | Undisputed that DC contracted with Barris to produce replicas of the 1966 Batmobile. There is no evidence to support the statement that they were exhibited throughout the world under the DC Comics Trademarks. |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 39. DC Comics currently licenses to Fiberglass Freaks the manufacture and customization of full-size automobiles into the Batmobile Vehicles, featuring the DC Comics Trademarks. | Undisputed. |
| 40. DC Comics has registered the DC Comics Trademarks in various classes, including, the following: | |
| a. Bat Emblem, Reg. No. 1581725, filed 6/19/89, registered 2/6/90 in class 28<br>b. Bat Emblem, Reg. No. 1581593, filed 6/19/89, registered 2/6/90 in class 21<br>c. Bat Emblem, Reg. No. 1581659, filed 6/19/89, registered 2/6/90 in class 25<br>d. Bat Emblem, Reg. No. 2119266, filed 8/12/96, registered 12/9/97 in class 16<br>e. Bat Emblem (Batman Begins), Reg. No. 3299017, filed 3/25/05, registered 9/25/07 in class 9<br>f. Bat Emblem (Batman Begins), Reg. No. 3110604, filed 3/25/05, registered 6/247/06 in class 16<br>g. Bat Emblem (Batman Begins), Reg. No. 3326043, filed 3/25/05, registered 10/30/07 in class 25<br>h. Bat Emblem (Batman Begins), Reg. No. 3313612, filed 3/25/05, registered 10/16/07 in class 28<br>i. Bat Rep II, Reg. No. 1219120, filed 3/26/82, registered 12/7/82 in class 16<br>j. Batman (Word Mark), Reg. No. 856045, filed 4/6/67, registered 9/3/68 in class 25<br>k. Batman (Word Mark), Reg. No. 858860, filed 10/13/66, registered 10/22/68 in class 28<br>l. Batman (Word Mark), Reg. No. 828412, filed 10/13/66, registered 5/9/67 in class 21<br>m. Batman (Word Mark), Reg. No. 2457655, filed 1/23/98, registered 6/5/01 in class 41 | Undisputed except that Batmobile is pending in Class 12 for Automobiles and the registration in Class 40 did not occur until November 20, 2012. |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| n. Batman (Word Mark), Reg. No. 1652640, filed 1/23/89, registered 7/30/91 in class 41<br>o. Batman (Word Mark), Reg. No. 839561, filed 10/17/66, registered 11/28/67 in class 16<br>p. Batman (Word Mark), Reg. No. 1221720, filed 5/10/82, registered 12/28/82 in class 16<br>q. Batman (Word Mark), Reg. No. 1587507, filed 1/23/89, registered 3/20/90 in class 9<br>r. Batmobile (Word Mark), Serial No. 85143617, filed 10/1/10, registration pending in class 12<br>s. Batmobile (Word Mark), Reg. No. 4246497, filed 10/1/10, registered 11/20/12 in class 40<br>t. Batmobile (Word Mark), Reg. No. 1124961, filed 12/3/75, registered 9/11/79 in class 28<br>u. Batmobile (Word Mark), Reg. No. 1179342, filed 10/15/76, registered 11/24/81 in class 28 | |
| 41. DC Comics, or any predecessor-in-interest, has complied in all respects with the laws governing trademark. | Disputed.  There is no evidence to support this statement.  Kogan's declaration and depo are not made on personal knowledge and are hearsay. |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 42. Consumers unquestionably associate BATMAN related products with DC Comics or its licensees | Disputed.  There is no evidence to support this statement. Kogan's statement is merely a conclusion without evidence.  DC has not presented any consumer surveys to support this.  See also, Declarations of Brian Boling, Kasey Kuhlman, Seth Katz, Joseph Moran and Enrique Seguerra. |
| 43. Defendant is an individual residing within the Central District of California. | Undisputed. |
| 44. Defendant operates the business Gotham Garage, which specializes in the customization of automobiles into replicas of automobiles featured in various motion pictures or television programs. | Undisputed. |
| 45. Among the vehicles Defendant has reproduced and distributed are replicas of the 1966 Batmobile. | Undisputed. |
| 46. Defendant has manufactured and distributed car kits facilitating others to customize their cars into replicas of the 1966 Batmobile. | Undisputed. |
| 47. Defendant's replicas of the 1966 Batmobile copy the 1966 Batmobile. | Undisputed that Defendant's replicas copy George Barris's public domain design patent of the 1966 Batmobile.  There is no evidence that it does anything else. |
| 48. Among the vehicles Defendant has reproduced and distributed are replicas of the 1989 Batmobile. | Undisputed. |

**Defendant's Separate Statement of Controverted Facts**

| | |
|---|---|
| 49. Defendant has manufactured and distributed car kits facilitating others to customize their cars into replicas of the 1989 Batmobile. | Undisputed. |
| 50. Defendant's replicas of the 1989 Batmobile copy the 1989 Batmobile. | Undisputed that Defendant's replicas copy Anton Furst's public domain design patent of the 1989 Batmobile. There is no evidence that it does anything else. |
| 51. Defendant has manufactured and distributed various automobile parts and accessories featuring the DC Comics Trademarks. | Undisputed. |
| 52. Defendant does business through the website located at www.gothamgarage.net ("the Website"), to which Defendant's other websites www.gothamgarage.com, www.marktowle.com, and www.batmobilereplicas.com direct. | Undisputed. |
| 53. Defendant uses DC Comics' copyrights and trademarks to promote Defendant's business. | Disputed. The cited evidence does not show use of DC's copyrights and trademarks to promote Defendant's business. |
| 54. Defendant has admitted his knowledge of the BATMAN property, including the 1966 television series *Batman*, the 1989 film *Batman*, the 1966 Batmobile, the 1989 Batmobile, and the various BAT emblems and symbols used in connection therewith. | Undisputed. |
| 55. Defendant is not authorized by DC Comics to manufacture, sell, offer for sale, distribute or otherwise reproduce any products bearing DC Comics' copyrights or trademarks. | Undisputed. |

Defendant's Separate Statement of Controverted

Facts

| Uncontroverted Facts | Evidence |
|---|---|
| 56. All of the products manufactured or sold by Defendant are unauthorized.<br><br>ADDITIONAL FACTS | Undisputed. |
| **Uncontroverted Facts** | **Evidence** |
| 57.    Plaintiff's Original Complaint identified 22 copyright registrations as the "DC Comics Copyrighted Designs" infringed by Defendant. | Exhibit A to Complaint (Exhibit 27 To Zerner Decl.) |
| 58.    After a meet and confer with Defendant's lawyer in which DC's lawyer was told that the Complaint did not identify the correct copyright registrations, DC filed the First Amended Complaint. | Declaration of Larry Zerner ¶4-5. |
| 59.    DC's First Amended Complaint added 13 copyright registrations to Exhibit A making a total of 35 copyright registrations identified as the "DC Comics Copyrighted Designs" allegedly infringed by Defendant. | Ex. A to First Amended Complaint (Ex. 28 to Zerner Decl.) |
| 60.    Plaintiff identified 6 comic books as being the first in which separable, non-functional, artistic elements of the 1966 Batmobile appeared. Detective Comics #156 (Feb. 1950); Batman #164 (June 1964);  Detective Comics #341 (July 1965); World's Finest Comics #154 (Dec. 1965); Batman #20 (Dec. 1943-Jan. 1944) and Batman #170. | DC Response to Special Interrogatories No. 8 (Ex 35 to Zerner Decl.) |
| 61.    Plaintiff identified 4 comic books as being the first in which separable, non-functional, artistic elements of the 1989 Batmobile appeared. Batman #5 (Spring 1941); Detective Comics #156 (Feb. 1950); Batman: The Cult (1988); and  Batman #408 (June 1987). | DC Response to Special Interrogatories No. 12 (Ex 35, p13-14 to Zerner Decl.) |

**Defendant's Separate Statement of Controverted Facts**

| | |
|---|---|
| 62.    None of the 35 registrations identified on Exhibit A to the First Amended Complaint were listed in DC's Responses to Interrogatories 8 and 12 except for Batman #170. | Exhibit A to First Amended Complaint (Ex 28) and DC Response to Special Interrogatories No. 8 and 12 (Ex. 35, p.11, 13-14, and Ex. 36) |
| 63.    Jay Kogan, DC's designated person most knowledgeable about the copyright infringement claim testified that the registrations that DC was making a claim on were "set forth in the pleadings." | Kogan Depo 16:15-24 (Ex. 37 to Zerner Decl.) |
| 64.    DC's attorney, Andy Coombs, stated during Jay Kogan's Deposition that the copyright registrations DC was "relying on for purposes of trial have been produced." | Kogan Depo 17:3-9 (Ex. 37 to Zerner Decl.) |
| 65.    DC's attorney, Andy Coombs, agreed during Kogan's deposition that the registrations not already produced to Towle would not be part of the case. | Kogan Depo 17:3-9 (Ex. 37 to Zerner Decl.) |
| 66.    DC did not produce the copyright registrations for the 1966 Batman TV show to Towle until December 2012. | Zerner Decl. ¶13. |
| 67.    The 1966 Batmobile was designed by George Barris | Barris Dep. 10:11-12 (Ex. 38 to Zerner Decl). |
| 68.    The 1966 Batmobile was built by Barris in 15 days using a 1955 Lincoln Futura as the base. | Barris Depo 9:5-9 and Ex. 501 thereto (Ex. 38) |
| 69.    Barris' design for the 1966 Batmobiles was not based on any DC comic books or drawings or photographs. | Barris Depo 10:7-10 (Ex. 38) |

**Defendant's Separate Statement of Controverted Facts**

| | |
|---|---|
| 70.    Barris built the 1966 Batmobile pursuant to a September 1, 1965 contract between 20th Century Fox Television Inc. and Greenway Productions Inc., on the one hand, and Barris Kustom City, on the other hand. | Barris Depo 11:4-7 (Ex. 38) and Ex. 14 to Joint Stip. |
| 71.    The agreement provided that Barris, Fox and Greenway would jointly own the design to the 1966 Batmobile | 9/1/65 Contract. Exhibit 14 to Joint Stip at p. 4-5, ¶7 |
| 72.    In an August 15, 1966 agreement, DC's predecessor-in-interest, National Periodical Publications, Inc. entered into an agreement with Fox, Greenway and Barris which confirmed their ownership of the design of the 1966 Batmobile. | 8/15/66 Contract (Exhibit 15 to Joint Stip at ¶15. |
| 73.    George Barris obtained a design patent on the 1966 Batmobile in 1966. It expired after 14 years in 1980. | Ex. 6 to Joint Stip |
| 74.    No one from DC ever told Barris that DC was a joint owner of the design patent. | Barris Depo 32:6-10 (Ex. 38) |
| 75.    Barris owns the design of the 1966 Batmobile because he designed it and built it based on his own creation, not from somebody else's drawings. | Barris Depo 29:1-8 (Ex. 38) |
| 76.    George Barris designed the front grill work on the 1966 Batmobile | Barris Depo 16:22-24 (Ex. 38) |
| 77.    George Barris or one of his staff designed the after burner on the 1966 Batmobile. | Barris Depo 17:3-18 (Ex. 38) |
| 78.    George Barris designed the rear fins on the 1966 Batmobile. | Barris Depo 17:20-21 (Ex. 38) |
| 79.    George Barris or his staff designed the interior switches and knobs on the 1966 Batmobile | Barris Depo 18:1-5 (Ex. 38) |
| 80.    George Barris and his staff designed the batscope. | Barris Depo 18:18-19 (Ex. 38) |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 81.     George Barris and his staff designed the antenna on the hood of the 1966 Batmobile | Barris Depo 18:23-19:7 (Ex. 38) |
| 82.     George Barris and his staff designed the anti-theft system on the 1966 Batmobile | Barris Depo 19:11-12 (Ex. 38) |
| 83.     George Barris designed the anti-fire control system on the 1966 Batmobile | Barris Depo 19:16-18 (Ex. 38) |
| 84.     George Barris and his staff designed the turn off switch for protection system on the 1966 Batmobile | Barris Depo 19:22-23 (Ex. 38) |
| 85.     George Barris and his staff designed the radar screen on the 1966 Batmobile. | Barris Depo 20:3-4 (Ex. 38) |
| 86.     George Barris and his staff designed the emergency Bat-turn lever on the 1966 Batmobile. | Barris Depo 20:8-10 (Ex. 38) |
| 87.     George Barris and his staff designed the Bat Ray Projector Mechanism on the 1966 Batmobile | Barris Depo 21:5-7 (Ex. 38) |
| 88.     The fire extinguisher on the 1966 Batmobile was a regular fire extinguisher recalculated to fit in the Batmobile. | Barris Depo 21:11-23 (Ex. 38) |
| 89.     George Barris and his staff designed the cockpit arch on the 1966 Batmobile | Barris Depo 21:24-22:2 (Ex. 38) |
| 90.     George Barris and his staff designed the spinning light on the top of the 1966 Batmobile. | Barris Depo 22:6-8 (Ex. 38) |
| George Barris's staff were not also employees of DC Comics. | Barris Depo 23:18-24 (Ex. 38) |
| 91.     Anton Furst is the sole person listed as the inventor on the design patent for the 1989 Batmobile. It expired after 14 years in 2004. | Ex. 7 to Joint Stip. |
| 92.     The 1989 Batmobile was designed by Anton Furst, under a work-for-hire contract with Warner Brothers Productions, Ltd. | Exhibit 20 to Joint Stip. |

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 93.    The Copyright Registration for the 1989 Batman motion picture identifies the copyright holder as Warner Brothers, Inc. as employer for hire | Ex. 4 to Joint Stip. |
| 94.    DC has not produced any documents which transferred the Anton Furst design rights obtained by Warner Bros. Productions, Ltd. to Warner Bros. Inc. | Zerner Decl. ¶20 |
| 95.    In December 2011, Mr. Zerner met with DC's lawyer to tell him that the First Amended Complaint also did not state a cause of action against Defendant because Defendant had not infringed any of the copyrights listed on Exhibit A to the First Amended Complaint. | Zerner Decl. ¶6 |
| 96.    DC's lawyer, Andy Coombs, told Mr. Zerner that he believed that the complaint stated a cause of action and that the Batmobile copyright was protected by the underlying rights in the comic book.  At no point in the meeting did Mr. Coombs assert that DC was suing on the copyrights to the TV show or motion picture. | Zerner Decl. ¶7 |
| 97.    In December 2011, Defendant filed a motion to dismiss the copyright infringement claim pursuant to FRCP 12(b)(6) on the grounds that, *inter alia*, DC was not the copyright claimant to the TV show or the motion picture in which the Batmobiles first appeared. | Defendant's Motion to Dismiss. Ex. 29 to Zerner Decl. at p. 8-12. |
| 98.    In its' opposition to the Motion to Dismiss, DC did not argue that it was suing on the TV show or motion picture copyrights. Plaintiff stated that DC (not Barris or Furst) was the creator of the Batmobile and had licensed its' use to 3rd parties in connection with TV shows and motion pictures | DC Opposition to Motion to Dismiss at 4:26-28. Exhibit 30 to Zerner Decl. |

**Defendant's Separate Statement of Controverted Facts**

| | |
|---|---|
| 99.   DC further alleged that it owned the copyrights to the various Batmobile versions and that DC's creation of the Batmobile pre-dated the registration for the 1966 TV show and 1989 motion picture | DC Opposition to Motion to Dismiss at  5:1-4 and 9-10). Exhibit 30 to Zerner Decl. |
| 100.   In DC's voluntary disclosures pursuant to Rule 26(f), DC did not identify or produce the copyright registrations to the 1966 TV show or the 1989 Movie. | Zerner Decl. ¶13 And DC's Voluntary Disclosures Pursuant to Rule 26(f) (Ex. 32 to Zerner Decl.) |
| 101.   On September 27, 2011, during the deposition of Jay Kogan, Andy Coombs stated that "[Copyright Registrations] we're relying on for purposes of trial have been produced" and agreed that those registrations not already produced would not be part of the case. | Kogan Depo. 17:3-9 (Ex. 37 to Zerner Decl). |
| 102.   It was not until December 2012, after the discovery cut-off, that DC produced the copyright registrations for the 1966 Batman TV show to Defendant. | Zerner Decl. ¶13 |
| 103.   All switches and hand-throttle knob for the nonfunctional "turbo-electric drive" do not appear in any of the Batman comics produced by Plaintiff. | Kogan Depo at 109:5-10, 17-20, 23-24. (Ex. 37 to Zerner Decl). |
| 104.   The Mobile Phone between the seats with Beeper and Flashing Light (as it appears in the 1966 television show) does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (111:15 – 112:10) (Ex. 37 to Zerner Decl). |
| 105.   The "Batscope," complete with TV-like viewing screen on the dash, radar-like antenna with aimable parabolic reflector outside, and cockpit controls (as it appears on the 1966 Batmobile) does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (113:4-7) (Ex. 37 to Zerner Decl). |

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 106.   The anti-fire control system, consisting of a flood of foam from secret nozzle does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (114:8-13) (Ex. 37 to Zerner Decl). |
| 107.   The turn-off switch for protection systems does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (114:14-16) (Ex. 37 to Zerner Decl). |
| 108.   The radar-like screen that beeps and blips and points an arrow as it picks up Robin's directional signal does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (114:17 – 115:5) (Ex. 37 to Zerner Decl). |
| 109.   The mechanics for emergency bat turn with a red lever so named on dash do not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (115:6-10) (Ex. 37 to Zerner Decl). |
| 110.   The reverse thrust rockets beneath headlights do not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (115:11-18) (Ex. 37 to Zerner Decl). |
| 111.   The ejection parachute mechanism at rear does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (115:19-21) (Ex. 37 to Zerner Decl). |
| 112.   The bat-ray projector mechanism with lever on dash so named does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (116:8-13) (Ex. 37 to Zerner Decl). |

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 113.   The hood hydraulic projector device and ray coming from Bat-Eyes do not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (116:14-19) (Ex. 37 to Zerner Decl). |
| 114.   The portable fire-extinguisher does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (116:20-22) (Ex. 37 to Zerner Decl). |
| 115.   The receiver and sender computer to be installed in trunk of Batmobile does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (117:2-5) (Ex. 37 to Zerner Decl). |
| 116.   The luminescent outline of Bat symbol to define symbol at night does not appear on the Batmobile or in any of the Batman comics produced by Plaintiff. | Kogan Deposition (117:21-25) (Ex. 37 to Zerner Decl). |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 117.   The 1966 Batmobile Replica that Mark Towle manufacture does not include the following features: | Towle Decl. ¶13. |
| a. the "Bing-Bong Warning Bell" and "Bat-Light Flasher"; | |
| b. anti-theft system, consisting of flashing red lights, piercing whistle, little rockets built into tubes at the back of the cockpit that fire straight up with a fiery whoosh; | |
| c. anti-fire control system, consisting of a flood of foam from secret nozzle; | |
| d. turn-off switch for protection systems; | |
| e. mechanics for emergency bat turn with a red lever so named on dash, reverse thrust rockets beneath headlights, and ejection parachute mechanism at rear; | |
| f.  Bat-ray projector mechanism with lever on dash so named, hood hydraulic projector device, and ray coming from Bat-Eyes; | |
| g. receiver and sender computer to be installed in trunk of Batmobile; | |
| h. luminescent outline of Bat symbol to define symbol at night. | |
| i.  Bat Face | |
| 118.   Bat Eyes | |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 119.   The front grill work of the 1966 Batmobile replica is not separable from the car. | Towle Decl ¶14. |
| 120.   The jet engine exhaust pipe on the 1966 Batmobile replica is functional and will shoot flames out the back. | Towle Decl. ¶15 |
| 121.   The rear Bat-Fins on the 1966 Batmobile replica are functional and not separable from the design of the car. | Towle Decl. ¶16 |
| 122.   The "Batscope" on the 1966 Batmobile replica is functional. Drivers can use it to see out the back. | Towle Decl ¶17 |
| 123.   The radar like screen on the 1966 Batmobile replica is functional. | Towle Decl ¶18 |
| 124.   The portable fire extinguisher on the 1966 Batmobile replica is functional. | Towle Decl ¶19 |
| 125.   The color of the 1966 Batmobile replica is not separable from the automobile. | Towle Decl ¶20 |
| 126.   The batwing rear fenders on the 1966 Batmobile replica are functional and not separable from the design of the car. | Towle Decl ¶21 |
| 127.   The double cockpit in the 1966 Batmobile replica is functional and not separable from the design of the car. It was also a part of the 1955 Lincoln Futura. | Towle Decl ¶22. Barris Depo at Ex. 501 (Ex. 38 to Zerner Decl). |
| 128.   The cockpit arch on the 1966 Batmobile replica is functional and not separable from the design of the car. It was also a part of the 1955 Lincoln Futura. | Towle Decl ¶23, Barris Depo at Ex. 501 (Ex. 38 to Zerner Decl). |

| | |
|---|---|
| 129.   The 1989 Batmobile replica made by Mark Towle does not have the following features: | Towle Decl. ¶26 |

a.      Self-diagnostics system;

b.      spherical bombs;

c.      Chassis-mounted shin breakers;

d.      side-mounted disc launchers;

e.      Central "foot" capable of lifting the car and rotating it 180 degrees;

f.      armor-plated body;

g.      oil slick dispensers;

h.      smoke emitters;

i.      "Batmissile" mode that sheds all material outside central fuselage and reconfigures wheels and axles to fit through narrow openings;

j.      Side mounted grappling hook launchers;

k.      custom all-black color scheme with blue highlights;

l.      four sets of wheels; (It has one set of wheels.)

p.      Flame shooting exhaust.

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| m.     yellow or gold hubcaps on second and fourth set of wheels (from front) on Batmissile version of Batmobile;<br><br>n.     telescopic poles which pop out from sides of vehicle;<br><br>o.     Batwing-like fan spreads which open from underneath sides of vehicle;<br><br>p.     Flame shooting exhaust | |
| 130.   The jet turbine engine intake grill on the 1989 Batmobile does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (121:20-24) (Ex. 37) |
| 131.   The self-diagnostics system does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (122:11-12) (Ex. 37) |
| 132.   The spherical bombs do not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (122:13-14) (Ex. 37) |
| 133.   The chassis-mounted shin breakers do not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (122:15-16) (Ex. 37) |
| 134.   The pair of forward facing Browning machine guns does not appear in any of the Batman comics produced by Plaintiff. It is also based on a design of Mark Towle's. | Kogan Deposition (122:24 – 123:2) (Ex. 37), Towle Decl. ¶27. |

Defendant's Separate Statement of Controverted Facts

| | |
|---|---|
| 135.   The flame shooting exhaust does not appear in any of the Batman comics produced by Plaintiff. | Kogan Deposition (124:3-4) (Ex. 37) |
| 136.   The jet turbine engine intake grill on the 1989 Batmobile replica is functional and not separable from the design of the car. | Towle Decl. ¶28 |
| 137.   The mandible style front fenders on the 1989 Batmobile replica is functional and not separable from the car design. | Towle Decl ¶29 |
| 138.   The rear-sculpted fins on the 1989 Batmobile replica is functional and not separable from the design of the car. | Towle Decl. ¶30 |
| 139.   The interior monitor in the 1989 Batmobile replica is functional. | Towle Decl. ¶31 |
| 140.   DC owns "thousands" of copyrights. | Kogan Depo 12:21-13:2 (Ex. 37) |
| 141.   DC owns copyrights to hundreds of Batman related comic books. | Kogan Depo 12:3-5 (Ex. 37) |
| 142.   Mark Towle received a phone call in 2003 asking him about his manufacturing of Batmobiles. | Towle Decl. ¶4 |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 143.   At no time prior to filing the lawsuit did Plaintiff ever ask Defendant to stop selling replica Batmobiles | Towle Decl. ¶5 |
| 144.   During the past 10 years, Defendant has expended tens of thousands of dollars building up his business and purchased over $100,000 in tools used in manufacturing replica automobiles. | Towle Decl. ¶6 |
| 145.   During the pendency of this lawsuit, Defendant has had to turn down numerous offers from potential buyers, costing him over $100,000 in damages. | Towle Decl. ¶7 |
| 146.   All of Defendants customers understand that he does not have a license or any affiliation with DC | Towle Decl. ¶9-10. Segarra Decl. ¶3, Katz Decl. ¶3, Boling Decl. ¶3. Kuhlman Decl. ¶3 |
| 147.   Defendant does not advertise that he has any license from or affiliation with DC Comics | Towle Decl. ¶9-11. Segarra Decl. ¶4, Katz Decl. 4, Boling Decl. ¶4. Kuhlman Decl. ¶4. |
| 148.   DC admits that they knew of Defendants activities "prior to 2006."

149.   DC could not recall any cease and desist letters being sent to any person for manufacturing and selling replica Batmobiles between 1995 and 2008. | Kogan Depo 143:16-25 (Ex. 37)

Kogan Depo 145:10-146:13 (Ex. 37) |

Defendant's Separate Statement of Controverted

Facts

| | |
|---|---|
| 150. DC is unaware of any person who purchased a Batmobile replica from Defendant and believed that the car was licensed or authorized by DC. | Kogan Depo 72:1-4 (Ex. 37) |
| 151. DC is unaware of any consumers who had stated that they were confused because defendant was selling replica Batmobiles and they thought that defendant had some license agreement or authorization from DC | Kogan Depo 72:5-9 (Ex. 37) |
| 152. The design of the Batmobile in Batman #164 is identical to the design of the Batmobile in Batman #170. | Ex. 2 to Joint Stip. |
| 153. Between 1995 and 2010, DC only sent one cease and desist letter regarding the manufacturing of Batmobiles and that letter was to Mark Racop, the person who now holds the license from DC to manufacture Batmobiles. | Kogan Depo 145:23-146:13 |
| 154. The first use of the Batman Emblem was in *Batman #167*. | Ex. 39 p.5 ¶12b |

DATED: January 9, 2013          ZernerLaw

By: ___/s/_____

Larry Zerner
Attorney for Defendant Mark Towle, an
individual and d/b/a Gotham Garage