UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK TOWLE, an individual and d/b/a Gotham Garage, and DOES 1-10, inclusive,<br><br>    Defendants. | CV 11-3934 RSWL (OPx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW re: Plaintiff DC Comics' Motion for Partial Summary Judgment [42]** |

After consideration of Plaintiff DC Comics' Motion for Partial Summary Judgment [42], this Court makes the following findings of fact and conclusions of law:

### UNCONTROVERTED FACTS

1. Plaintiff DC Comics ("Plaintiff") is a New York General Partnership consisting of E.C. Publications, Inc. and Warner Communications Inc. Pl.'s Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶ 1 [43]. Plaintiff is the successor-in-interest to

1

1  Detective Comics, Inc., National Comics Publications,
2  Inc., National Periodical Publications, Inc., and DC
3  Comics Inc.  Id. ¶ 2.
4      2.  Plaintiff is the publisher of comic books
5  featuring the world-famous Batman and his Batmobile.
6  Id. ¶¶ 3-4.  Originally introduced in 1941, the
7  Batmobile is a fictional high-tech automobile that
8  Batman employs as his primary mode of transportation.
9  Id. ¶¶ 9-10.  Batman and his Batmobile vehicle have
10 appeared in comic books, television shows, and
11 blockbuster movies, including the television series,
12 *Batman*, that first appeared in 1966 and the 1989 film,
13 *Batman*.  Id. ¶¶ 7, 13, 27.
14     3.  Plaintiff owns the copyright registrations to
15 the Batman comic books.  Id. ¶ 12.
16     4.  In 1965, Plaintiff's predecessor, National
17 Periodical, licensed its Batman literary property to
18 American Broadcasting Company ("ABC") for use in the
19 1966 *Batman* television series, which starred Adam West
20 as Batman.  Id. ¶ 13.  ABC contracted with Greenway
21 Productions, Inc. ("Greenway") and Twentieth Century-
22 Fox Television, Inc. ("Fox") to produce the television
23 series.  Id. ¶ 15.  Fox and Greenway own the copyright
24 registrations for all of the episodes of the 1960s
25 *Batman* television series.  Id. ¶ 16.  The Batmobile
26 that appeared in the television series (hereinafter,
27 "the 1966 Batmobile") was manufactured by Barris Kustom
28 City and designed by George Barris.  Id. ¶ 19.  Barris

Kustom City retained title to the original Batmobile vehicle that was used in the filming of the television show. Id.

    5.   In 1979, Plaintiff entered into an agreement with Batman Productions, Inc., granting the use of its Batman literary property in feature-length motion pictures. Id. ¶ 25. These rights were assigned to Warner Bros. Inc. ("Warner Bros.") and resulted in a series of Batman films, including the 1989 *Batman* film to which Warner Bros. owns the copyright registration. Id. ¶¶ 27-28. Anton Furst was hired to construct the Batmobile that appeared in the 1989 film (hereinafter, "the 1989 Batmobile"). Id. ¶ 31.

    6.   Plaintiff also owns a number of Batman-related trademarks, including, the BATMOBILE wordmark, the BAT emblem design mark, the BAT REP II design mark, the BATMAN wordmark, and other variations of the Batman symbol. Id. ¶ 35. The trademarks are registered in various classes, and appear on merchandise such as toy figurines and automobiles, apparel, and household goods. Id. ¶¶ 37, 40.

    7.   Plaintiff also licenses to Fiberglass Freaks the manufacture and customization of full-size automobiles into the Batmobile vehicles featuring Plaintiff's trademarks. Id. ¶ 39. Plaintiff has also contracted with George Barris, the designer of the original 1966 Batmobile, to produce replicas of the 1966 Batmobile, featuring Plaintiff's trademarks, and

to exhibit them around the world. Id. ¶ 38.

8. Defendant Mark Towle ("Defendant") is the owner, operator, and manager of a business producing custom cars modeled after vehicles found in various television shows and movies. Id. ¶ 44. Defendant has been producing and selling replica vehicles based on the 1966 and 1989 Batmobile vehicles and car kits that allow others to customize their vehicles into the Batmobile. Id. ¶¶ 45-48, 50. Defendant has also manufactured and distributed various automobile parts and accessories featuring the Batman trademarks. Id. ¶ 51. Defendant does business through the websites www.gothamgarage.net, www.gothamgarage.com, www.marktowle.com,, and www.batmobilereplicas.com, which use Plaintiff's trademarks to promote Defendant's business. Id. ¶¶ 52-53.

9. Defendant has admitted his knowledge of the Batman property, including the 1966 television series Batman, the 1989 film, *Batman*, the 1966 Batmobile, the 1989 Batmobile, and in the various Bat emblems and symbols used. Id. ¶ 54.

10. Plaintiff did not authorize Defendant's products. Id. ¶ 56.

**CONCLUSIONS OF LAW**

1. To sustain a claim for trademark infringement, Plaintiff must show (1) that it has valid trademark rights; and (2) that Defendant's use of similar marks is likely to cause confusion. Applied Info. Sciences

4

1  Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007).
2      2.  The core element of trademark infringement is
3  the likelihood of confusion, i.e., whether the
4  similarity of the marks is likely to confuse customers
5  about the source of the products.  E. & J. Gallo Winery
6  v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir.
7  1992).  Courts look to the following factors, known as
8  the Sleekcraft test, for guidance in determining the
9  likelihood of confusion: (1) strength of Plaintiff's
10 mark; (2) proximity of the goods; (3) similarity of the
11 marks; (4) evidence of actual confusion; (5) marketing
12 channels used; (6) type of goods and the degree of care
13 likely to be exercised by the purchaser; (7)
14 Defendant's intent in selecting the mark; and the (8)
15 likelihood of expansion of the product lines.  Dr.
16 Seuss Enters. v. Penguin Books USA, Inc., 109 F.3d
17 1394, 1404 (9th Cir. 1997) (citing AMF Inc. v.
18 Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.
19 1979)).
20     3.  Plaintiff's trademarks are valid.
21     4.  Defendant's use of Plaintiff's marks is likely
22 to confuse consumers.
23     5.  Courts have uniformly held that common law and
24 statutory trademark infringement are merely specific
25 aspects of unfair competition.  New West Corp. v. NYM
26 Co. of California, Inc., 595 F.2d 1194, 1201 (9th Cir.
27 1979).  The decisive test of common law unfair
28 competition is whether the public is likely to be

deceived about the source of goods or services by the defendant's conduct. <u>Academy of Motion Picture Arts and Scis. v. Benson</u>, 15 Cal. 2d 685, 690 (1940); <u>South Bay Chevrolet v. Gen. Motors Acceptance Corp.</u>, 72 Cal. App. 4th 861, 865 (1999).

6. Defendant's use of the bat symbols and Plaintiff's trademarks marks is likely to confuse customers. Thus, Defendant is liable on Plaintiff's unfair competition claim.

7. To establish copyright infringement, two elements must be proven: 1) ownership of a valid copyright; and 2) copying of protected elements of the plaintiff's work. See <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991).

8. Copying may be established by showing that the works in question are "substantially similar in their protected elements" and that the infringing party had access to the copyrighted work. <u>Metcalf v. Bochco</u>, 294 F.3d 1069, 1072 (9th Cir. 2002).

9. Plaintiff owns exclusive merchandising rights to the 1989 and 1966 Batmobile vehicles based on various agreements with ABC, Warner Bros., Fox, and Greenway.

10. The Ninth Circuit has explained that "copyright protection may be afforded to characters visually depicted in a television series or in a movie." <u>Olson v. Nat'l Broad. Co.</u>, 855 F.2d 1446, 1452 (9th Cir. 1988) (internal citations omitted). Under the

"character delineation" test, the Ninth Circuit has recognized that copyright protection may be afforded to characters who are "especially distinctive." <u>Halicki Films, LLC v. Sanderson Sales and Mktg.</u>, 547 F.3d 1213, 1223 (9th Cir. 2008). The court has noted that "[c]haracters that have received copyright protection have displayed consistent, widely identifiable traits." <u>Rice v. Fox Broad. Co.</u>, 330 F.3d 1170, 1175 (9th Cir. 2003).

11. The Batmobile is entitled to copyright protection because it is a delineated character.

12. Copyright protection extends to "pictorial, graphic, and sculptural works". 17 U.S.C. § 102.

13. Only works that "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of [a useful] article" qualify for copyright protection. <u>Leicester v. Warner Bros.</u>, 232 F.3d 1212, 1219 (9th Cir. 2000) (citing William F. Patry, 1 Copyright Law and Practice 274-76 (1994)).

14. Courts have recognized two types of separability: physical separability, and conceptual separability. <u>Id.</u> "Physical separability means that a 'pictorial, graphic or sculptural feature incorporated into the design of a useful article . . . can be physically separated from the article without impairing the article's utility and if, once separated, it can stand alone as a work of art traditionally conceived.'" <u>Id.</u> On the other hand, conceptual separability means

7

that a pictorial, graphic or sculptural feature "can stand on its own as a work of art traditionally conceived, and . . . the useful article in which it is embodied would be equally useful without it."  Id.

15.  The artistic features of the 1989 and 1966 Batmobile vehicles can be conceptually separated from their utilitarian features.  Those features are entitled to copyright protection.

16.  Defendant's replicas are substantially similar to the 1989 and 1966 Batmobile vehicles in their protected elements.

17.  Defendant had access to the 1989 and 1966 Batmobile vehicles.

18.  Defendant is liable for copyright infringement.

**IT IS SO ORDERED.**

DATED: February 7, 2013.

                              RONALD S.W. LEW

                           **HONORABLE RONALD S.W. LEW**
                           Senior, U.S. District Court Judge